JAMES HAWKINS ET AL. v. THOS. C. NYE.

(Case No. 1585.)

1. ORDER OF SURVEY.— Where the county surveyor had been appointed to make a survey, it is irregular for the judge in vacation to issue an order of survey also to another surveyor. But where both surveyors made surveys and testified, it will not be presumed that such irregularity prejudiced the result.

2. H. claimed under the older title, conveying part of the Duke league, commencing on the bank of Lake Austin, at the northwest corner of said league, thence running down the border of said lake, with the meanders thereof, to a place where stands a mesquite tree, on the bank of the lake where the water comes up to the bluff about one hundred yards, more or less, below the lower end of the rush flat which borders said lake around or under the bluff, being the lower mesquite tree below said lower end of said rush flat; thence running eastwardly parallel, etc.; containing two thousand acres, more or less. N. claimed, under recent purchase from the heirs of Duke, all the unsold part of the Duke league, and brought the suit. The mesquite tree had ceased to exist. The contention being as to the boundary line between H. and N., *held*,

    (1) That the case depended on fixing the true locality of the mesquite tree.

(2) The defendant H., being in possession, the burden of establishing that locality and the line to be run from it rested upon the plaintiff, without which he could not recover.

(3) The charge of the court, that if the objects of said second call had not been by the evidence "reasonably identified, you will so say; and in that event you will find for defendants two thousand acres of land, beginning at the northwest corner of the Duke league, on the lake, and following the call in the Duke deed so as to make two thousand acres, and for N. all the land south of said two thousand acres," etc.; and the verdict of the jury being that they were not able to identify the objects of the second call, and found for H. two thousand acres, and for N. the remainder south of the two thousand acres, was erroneous, and was the fixing of an arbitrary line by the court, not the one agreed to by the parties in the first sale by Duke, and was not justified by the uncertain estimate of quantity contained in that deed.

(4) There being evidence as to the actual location of the mesquite tree, it was the province of the jury, from all the evidence, to find where it stood; and it was not necessary to find, after a lapse of nearly forty years, all the objects called for in the deed; such objects having been called for to designate at that time where the tree was to be found.

3. The evidence did not justify any charge in behalf of defendants on limitation.

APPEAL from Matagorda. Tried below before the Hon. Wm. H. Burkhart.

Nye brought suit, alleging a grant to Thomas M. Duke, in 1830, of a league of land. Sales made thereof by Duke, giving metes and bounds, to Hardeman, four hundred acres, July 23, 1839; to Sheppard, two thousand acres, more or less, July 21, 1842; to Van Dorn, 1842, five hundred and thirty-one, and in 1850, four hundred and thirty acres, making three thousand three hundred and sixty-one acres, leaving a balance of the league, one thousand one hundred and seven acres, which plaintiff bought from heirs of Duke, December 24, 1880, lying south of the part sold Sheppard, but how much on either side of Canoe bayou could not be known except by survey. That defendants owned the Sheppard and Hardeman parts of said league, and had ejected plaintiff from said one thousand one hundred and seven acres. Prayed to order survey of the Sheppard tract, and if the objects called for and mentioned in the deed from Duke to Sheppard, that is, the mesquite tree, bush, etc., on the lake, cannot be found or identified with reasonable certainty — and he specially alleged that they cannot be so found or identified,— that defendants be adjudged to have two thousand acres and no more under said deed, and plaintiffs recover remainder of said league. Prayed for establishment of plaintiffs' title, for partition and general relief.

The call in the deed from Duke to Sheppard, as set out in the petition, out of which the controversy arose, is as follows:

"Commencing on the bank of said lake [Austin] or creek, at the

northwest corner of said league, etc., thence running down the border of said lake or creek, with the meanders thereof, to a place where stands a mesquite tree or bush, on the bank of said lake or creek where the water comes up to the bluff about one hundred yards, more or less, below the lower end of the rush or rush flat or marsh which borders said lake around and under the bluff, said mesquite tree or bush being the lower mesquite tree or bush below said lower end of said rush or marsh." Thence running eastwardly parallel, etc.

The defendants answered by demurrers, general and special; general denial and not guilty. Denied that the second corner called for in the deed was impossible to find or be identified with reasonable certainty. Whilst the mesquite tree or bush has disappeared, the lake, bluff, rush flat or marsh, etc., have always been well known and recognized objects in that locality, and the corner was at or near the point where the lower line of said league strikes said lake.

Sale by Duke to Sheppard was a sale in gross, embracing all the land in the league within the lines specified.

The corner was well known to Duke, and all parties claiming under him, or could have been known with any diligence, and had been acquiesced in, and suit to question or assail said boundaries, or any excess contained, was a stale demand and barred by limitation of three, five and ten years. Alleged adverse and peaceable possession of the land within said boundaries and pleaded limitation of three, five and ten years.

The verdict of the jury was, that they had not been able to identify the objects of the second call in the deed from Duke to Sheppard, and they found for the defendants two thousand acres of land, beginning at the northwest corner of the Duke league on the lake, and following the calls in the Duke deed so as to make two thousand acres, and for the plaintiff all the remainder of the land south of the two thousand acres on Canoe bayou, amounting to seven hundred and ninety-one acres; and the court gave judgment therefor, making the plot of the surveyor, Schley, a part of the judgment, showing the land of the respective parties.

*Ballinger & Mott*, for appellants, cited Urquhart *v.* Burleson, 6 Tex., 511; Bolton *v.* Lann, 16 Tex., 116; Robertson *v.* Mosson, 26 Tex., 248; Stafford *v.* King, 30 Tex., 271; Welder *v.* Hunt, 34 Tex., 46; Smith *v.* Russell, 37 Tex., 255; Phillips *v.* Ayres, 45 Tex., 605–607; Jones *v.* Schutz, 47 Tex., 582; Booth *v.* Upshur, 26 Tex., 64; Wait's Act. & Def., 714, and references; 1 Greenl. on Ev., § 301, and note;

Broom's Legal Maxims, 629; Pilkinton v. State, 19 Tex., 214; Billard v. State, 30 Tex., 367, 373; Conner v. State, 34 Tex., 659; Mitchell v. Burdett, 22 Tex., 633; Tyler on Boundaries, 30, 120, 123, 182; Preston's Heirs v. Bowman, 2 Bibb, 497; S. C., 6 Wheat., 582; Dalton v. Rust, 22 Tex., 154–5; Smith v. Fly, 24 Tex., 345; O'Connell v. Duke, 29 Tex., 312; 3 Washb. on Real Prop., 402, and references; Chipman v. Briggs, 5 Cal., 76; Newsom v. Pryor, 7 Wheat., 7; 3 Pet., 92; Williamson v. Simpson, 16 Tex., 442; Welder v. Carroll, 29 Tex., 333; Lohff v. Germer, 37 Tex., 580; Storer v. Freeman, 6 Mass., 441; Van Deusen v. Tanner, 12 Pick., 532; Preston v. Bowman's Heirs, 2 Bibb, 494; Harris v. Doe, 4 Blackf., 369; Lewis v. Lewis, 4 Oregon, 177; City Bank v. Kent, 57 Ga., 283; Smith v. Grimes, 43 Iowa; Rockford, etc., R'y Co. v. Coulton, 67 Ill., 398; 16 Tex., 92; 28 Tex., 665–6; Yates v. Shaw, 24 Ill., 367; Morton v. Folger, 15 Cal., 279, 280, and cases cited; Evans v. Hurt, 34 Tex., 113; Hurt v. Evans, 49 Tex., 316; Note to 15 Am. Dec., 628; Edrington v. Kiger, 4 Tex., 89; Davidson v. Edgar, 5 Tex., 492; Long v. Steiger, 8 Tex., 460; Allen v. Brown, 11 Tex., 520; Rowe v. Collier, 25 Tex. Sup., 252; Moore v. Anderson, 30 Tex., 224; Hunnicutt v. Peyton, 102 U. S.; Smith v. Tucker, 25 Tex., 594; Jones v. Leath, 32 Tex., 329; Hodges v. Easton, S. C. U. S., October Term, 1882; Central Law Journal, February 2, 1883, p. 88; Sedgwick & Wait on Trial of Titles to Land, §§ 497, 502; Clay v. White, 1 Munf., 162; Harrisburg v. Crangle, 3 Watts & S., 462; Hagey v. Detweiler, 35 Pa. St., 409; Nolan v. Sweeney, 80 Pa. St., 77; Munger v. Grinnell, 9 Mich., 544.

*Pearson & McCamly*, for appellee, cited Abbott's Trial Ev., p. 699, sec. 11; Davis v. Mason, 4 Pick., 156; Rules District Court, 57, 58, 59; Coleman v. Smith, 55 Tex., 257; Johnson v. Crawl, 55 Tex., 571; De Garca v. Galvin, 55 Tex., 58; Clayton v. McKinnon, 54 Tex., 206; Stafford v. King, 30 Tex., 271; Welder v. Hunt, 34 Tex., 46; Phillips v. Ayres, 45 Tex., 607; Preston's Heirs v. Bowman, 2 Bibb, 493; Pearson v. Baker, 4 Dana, 321; Gray v. Burke, 19 Tex., 232; Ratcliff v. Baird, 14 Tex., 48; Albright v. Penn, 14 Tex., 290; Farquhar v. Dallas, 20 Tex., 200; Powell v. Haley, 28 Tex., 55, 56; Fowler v. Waller, 25 Tex., 701; Whitehead v. Foley, 28 Tex., 268; Hagerty v. Scott, 10 Tex., 525; Stroud v. Springfield, 28 Tex., 665; Evans v. Hurt, 34 Tex., 113; 1 Greenl. Ev., sec. 145.

STAYTON, ASSOCIATE JUSTICE.— The appointment of the surveyor Schley, in vacation, pending the appointment of the surveyor Hard-

man, was an irregularity, which, however, most probably did not affect the merits of the case, for both surveyors made surveys and testified in the case, and it is not likely that, under such circumstances, either party was prejudiced by the action of the court.

The third, fourth and fifth assignments of error raise the material questions in the case.

The appellants claimed title to the land in controversy through a deed made by Duke, the original grantee of the land, to Sheppard, executed on the 12th of July, 1842, and the appellee claims under a deed made by the heirs of Duke to him for the unsold portion of the grant, made December 24, 1880, and the controversy is as to the true southern boundary of the land conveyed by Duke to Sheppard.

The description of the land, in so far as this question is concerned in that deed, is as follows: "Commencing on the bank of said lake [Austin] or creek, at the northwest corner of said league, etc., thence running down the border of said lake or creek, with the meanders thereof, to a place where stands a mesquite tree or bush, on the bank of said lake or creek where the water comes up to the bluff about one hundred yards, more or less, below the lower end of the rush or rush flat or marsh which borders said lake around and under the bluff, said mesquite tree or bush being the lower mesquite tree or bush below said lower end of said rush or marsh." Thence running eastwardly parallel, etc. And the deed purported to convey "two thousand acres, more or less."

There was much evidence tending to show that the mesquite tree, bluff and open waters between the margin of the lake and the rush flat or marsh was at the place claimed by the appellants to be the point on the lake described in the conveyance from Duke to Sheppard as the southern boundary of the land conveyed to Sheppard, and the parties all admitted that the mesquite tree named in the deed had ceased to exist.

The appellee having bought only the unsold portion of the Duke grant, the proper determination of the case depended upon fixing the true locality of the mesquite tree.

The defendants being in possession, the burden of establishing that fact rested upon the plaintiff. Preston's Heirs v. Bowman et al., 2 Bibb, 497; 6 Wheaton, 582.

After properly instructing the jury as to the rights of the respective parties, if the southern line of the land sold by Duke to Sheppard was established, the court instructed the jury as follows: "If the objects of said second call have not been by the evidence reason-

ably identified, you will so say; and in that event, you will find for defendants two thousand acres of land, beginning at the northwest corner of the Duke league on the lake, and following the call in the Duke deed so as to make two thousand acres; and for Nye, all the land south of said two thousand acres on Canoe bayou."

The defendants asked the following charge, among others: "It is for you to determine, from the evidence, whether the place where the two thousand acre line as surveyed strikes the lake was the place described in the deed from Duke to Sheppard, of date 21st July, 1842, or whether the second call in said deed was located at the bluff below, or at what point on said lake said corner in said deed was located." This charge was refused.

The verdict was: "We, the jury, with the evidence brought before us, have not been able to identify the objects of the second call in the deed from Duke to Sheppard. We find for the defendants two thousand acres of land, beginning at the northwest corner of the Duke league on the lake, and following the calls in the Duke deed so as to make two thousand acres, and for the plaintiff all the remainder of the land south of the two thousand acres on Canoe bayou, making seven hundred and ninety-one acres."

Judgment was rendered in accordance with the verdict.

It was not contended that the mesquite tree called for as the southwest corner of the land conveyed by Duke to Sheppard did not exist at the time the deed was made, and the true inquiry to be made was as to its true locality at the time the deed was made; for from that point a line run eastward, parallel with the upper line of the grant, constituted the southern line of the land which the defendants owned, through the deed made to Sheppard.

North of that line, wherever it was, the plaintiff could recover nothing; and as before said, the burden of establishing that line rested upon him, and in the absence of such evidence as would enable the jury to determine its true locality, taking into consideration the rules applicable to the proof necessary to entitle a party to a verdict in civil causes, he was not entitled to recover.

The charge of the court authorized the jury, if there was not that amount of evidence which would enable them to say where the true line was, to establish a line without evidence, and to adopt one arbitrarily upon a matter of description in the deed from Duke to Sheppard, as to quantity of land intended to be conveyed thereby, when the parties to that deed had not undertaken to make the quantity of land thereby conveyed a matter descriptive of the land conveyed; for they had estimated it, not at two thousand

acres, but at two thousand acres more or less, thus evidencing that neither of the parties to that deed were willing to make area matter descriptive. If they could not do so, the court surely was not authorized, as matter of law, to inform the jury that, in the absence of sufficient proof to enable them to determine where the true line was, they might establish a line without reference to where the parties themselves had established it, and this upon language in the deed which the parties had not made matter of description certain in any respect. If quantity had been stated with certainty in the deed, that would have been a fact which, among the other matters of description in the deed, the more certain not having been found, the jury might have looked to for the purpose of enabling them to determine where the true boundary was; but even in such case the court could not have instructed the jury to find the line at the point where the quantity would be given.

The charge, in effect, said to the jury, if you cannot, from the evidence, tell where the true corner is, then your duty is performed, and it is only left to you to incorporate my judgment into your verdict as to where the line shall be; and I tell you that it is at that point at which a line, run parallel to the upper line of the league, will embrace between such line and the upper line of the league two thousand acres of land.

The verdict of the jury bears evidence that it is not the deliberate result of their judgment upon the evidence, influenced, as in civil cases it ought to be, by the preponderance of evidence.

In addition to this the charge seems to contemplate that it was necessary for the jury to be satisfied as to the locality of all the objects made descriptive of the second corner. The tree was made the corner by the deed, and the other objects called for were only intended to describe the place at which the true corner would be found; and whether any of those objects could be found after a lapse of about forty years was unimportant, if otherwise the true corner could be identified.

The charge, in other respects, seems to have been carefully drawn, but the giving of the charge considered will require the reversal of the judgment. The charge asked and refused would have presented the true issue to the jury. The bill of exceptions taken to the exclusion of a part of the testimony of the witness Tom, does not show the ground of the objection to it, and hence cannot be considered.

It is not perceived that a charge upon the statute of limitation of three years could have been of any advantage to the defendants,

for if the deed from Duke to Sheppard did not cover the land in controversy they had no such title as would support it; and if that deed did cover the land their title was good through the deed.

The same is true of the defenses of limitation of five and ten years, in so far as the parties relied upon the Sheppard deed to support limitation for either period. If, however, they relied upon these defenses under the deeds from Sheppard to Herbert and Hawkins, and from Herbert to Hawkins, then the court did not err in refusing to give the law applicable to five years' limitation, which was the only one asked upon either of these defenses, for the record does not show that such proof was made as would be necessary to support that defense.

The judgment, for the reasons indicated, is reversed and the cause is remanded.

                                       REVERSED AND REMANDED.

[Opinion delivered March 9, 1883.]