THOS. C. NYE v. JAS. B. HAWKINS ET AL.

(Case No. 2217.)

1. TRESPASS TO TRY TITLE—ALLEGATIONS—PRACTICE—An allegation of some adverse possession or claim is a necessary part of the petition in an action of trespass to try title. See opinion for allegations held insufficient to constitute the statutory action.

2. SAME—DISPUTED BOUNDARY—A dispute as to boundaries may be determined in an action of trespass to try title, but only where facts are alleged sufficient to support that action.

3. SAME—EQUITY—When, in addition to the confusion of boundaries, there is sufficient equity to give jurisdiction to a court of equity, the statutory action of trespass to try title may be used, and the dispute as to boundary determined therein.

4. SAME—EQUITABLE RELIEF—A confusion of boundaries alone does not justify a resort to equity; there must be, in addition, some equity superinduced by the act of the parties—as fraud, confusion of occupancy, negligence, omission or misconduct. (Authorities cited.)

5. SAME—PRACTICE—Equity will not grant relief unless the boundary cannot be otherwise determined. Averments of the true locality of a boundary line, and that natural objects are still in existence by which such locality may be accurately fixed, show that such line is, within the meaning of the law, determined.

6. SAME—ADVERSE POSSESSION OR CLAIM—Before granting relief, equity requires the plaintiff to show a clear title to land in the defendant's possession. (Authorities cited.) This rule might be extended to allow relief to the plaintiff in cases of disputed boundaries where there is an adverse claim without possession, provided the other facts were sufficient to justify the interposition of equity.

7. CASE REVIEWED—George v. Thomas, 16 Tex. 74, reviewed.

APPEAL from Matagorda. Tried below, before the Hon. Wm. H. Burkhart.

This cause, as it appears in 59 Tex. 97, is an action of trespass to try title. By the amended original petition, it was converted into a suit to establish a disputed boundary line. The general and special exceptions of the defendant's second amended original answer were sustained, and the case dismissed. The facts are sufficiently stated in the opinion of the court.

*Peareson & McCamly*, for appellant, that the petition was good upon general exception, cited : Martin *v.* Brown, 62 Tex. 467; Collin *v.* Warren, 63 Tex., 318; Rules, District Court, No. 17.

As to the sufficiency of the petition, upon special exceptions to the facts stated to procure a settlement of the boundary, and to the change of the nature of the action, they cited : Hubert *v.* Bartlett, 9 Tex. 98 ; McCown *v.* Hill, 26 Tex. 359 ; Dement *v.* Williams, 44 Tex. 158 ; Robertson *v.* Mosson, 26 Tex. 249 ; Castleman *v.* Pouton, 51 Tex. 84 ; Corp. San Patricio *v.* Mathis, 58 Tex. 242 ; Davis *v.* Smith, 61 Tex. 18 ; Boon *v.* Hunter, 62 Tex. 583, 584 ; Stafford *v.* King, 30 Tex. 270 ; Muller *v.* Landa, 31 Tex. 266 ; Blumberg *v.* Mauer, 37 Tex. 2 ; Spence *v.* McGowan, 53 Tex. 32 ; Johns *v.* Schutz, 47 Tex. 579 ; Barbee *v.* Stinnett, 60 Tex. 167 ; Reeves *v.* Roberts, 62 Tex. 551; Jones *v.* Andrews, 62 Tex. 652, 653; 1, Wait's Act. and Def., p. 720, sec 10.

The following are cases to settle boundaries, but not in the form of trespass to try title: George *v.* Thomas, 16 Tex. 74; Swisher *v.* Grumbles, 18 Tex. 164; Browning *v.* Atkinson, 37 Tex. 633 ; Id., Smith *v.* Russell, 247; Wood *v.* Huffman, 5 Tex. Law Rev. 384; Hopkins *v.* Wright, 17 Tex. 35; Williams *v.* Randon, 10 Tex. 74; Id. Ayres *v.* Cayce, 99; Morrison *v.* Walker, 22 Tex. 19; Id., Weatherford *v.* Van Alstyne, 22; Irvine *v.* Bastrop, 32 Tex. 485; Governor *v.* Burdett, 27 Tex. 36, 37; Wooldridge *v.* Hathaway, 45 Tex. 380 ; McRee *v.* Brown, 45 Tex. 507; McLane *v.* Belvin, 47 Tex. 502; Tel. Co. *v.* Brown, 62 Tex. 536; Hanrick *v.* Hanrick, 63 Tex. 622; Thouvenin *v* Lea, 26 Tex. 614; Rules Distict Court, No. 12; 47 Tex. 618; Jones *v.* George, 56 Tex. 152.

*Ballinger, Mott & Terry*, for appellees, that the exceptions were properly sustained, cited , R. S., Art. 4784, Tyler's Law of Boundaries, chap. 22, 269-280 ; Story's Eq., sec. 615-617 ; Adams' Eq., 237, 238 (Ed. 181) ; Bispham's Eq., sec. 503, and cases there cited.

STAYTON, ASSOCIATE JUSTICE.—This cause was before this court at a former term and is reported in 59 Tex. 97. The action, as it then stood, was one of trespass to try title, the petition containing the averments usual and necessary in such an action. Since the former judgment was reversed and the cause remanded, the petition has been amended. By the petition, as amended, the plaintiff neither asserts that the defendants have, or ever had, possession of the land, or any part of the land claimed by him, which he describes by metes and bounds, nor that they have ever asserted claim thereto. R. S., Art.

4790.  He expressly alleges that neither of the defendants has ever had possession of the land which he claims, and while he alleges that a controversy has arisen between them as to the true line between the lands which he claims and the land which he describes, and admits belongs to the defendants, yet he does not allege what the controversy is ; does not allege that they claim the land which he asserts is.his.

So far as we can know from the petition the controversy may not involve any claim by the defendants, which, if admitted, would take from the plaintiff any land of which he claims to be the owner.

In this state of the pleadings the allegations are manifestly not such as are essential in an action of trespass to try title.

A petition which does not allege an adverse possession or claim, in such an action, is bad, and subject to general demurrer.  It is evident that it was the intention to abandon the action of trespass to try title, and to establish a boundary between the land described and claimed by the plaintiff, and that described by him and alleged to belong to the defendants.  With ·a view to this the petition describes minutely the tracts of land alleged to belong to the respective parties, and places the lower boundary of the defendants' land at fixed points, which are said to be at the places where the line was actually placed by natural objects called for in a deed made in the year 1842, through which the defendants' claim.  It is not denied that this line was located by natural objects called for and existing at the time the deed above referred to was made.  The titles of the respective parties are fully set out in the petition, from which it appears, that, on December 22, 1880, the plaintiff bought from the heirs of the original grantee the unsold part of a league of land, of which that allged to belong to the defendants, and other tracts sold before that time, were a part.

The petition then contains the following averments:  "Plaintiff further represents that there is no question of title involved between him and defendants, he admitting defendant's title to all the land conveyed as aforesaid by Duke to Sheppard, they having acquired the same since and being now the owners thereof, and defendants admitting his title to all the land in said league south of said tract sold ·by Duke to Sheppard, and west of Canoe Bayou, but a dispute has arisen between him and said defendants as to the proper locality of the lower line of said tract, and as to the place or locality where stood the said mesquite tree described in and referred to in said deed from Duke to Sheppard, and as to the quantity of land which plaintiff owns in said league, and plaintiff cannot use or enjoy to any advantage his said land in said league until the true boundary line between his and said defendants' land is fixed. declared and established by

the proper decree of your Honor's court; that neither of said defendants is in actual possession of said 791 acres, or any part thereof, nor have they or either of them ever at any time been in such actual possession thereof."

This is followed by a prayer to have a boundary line established by decree and that he be quieted in his title to the land claimed by him.

It is often the case that a disputed boundary line gives rise to acts or claims in which an action of trespass to try title may be maintained, and this is the usual remedy in such cases. No such acts or claims as would be sufficient to maintain that action being alleged, the inquiry arises whether an action simply to establish a boundary line may be maintained under the averments of the petition.

That courts of equity from early times, under certain circumstances, have exercised such a jurisdiction, is true, but no case is found in which this power was exercised on the sole ground that a boundary was in controversy. "The general rule now adopted is, not to entertain jurisdiction in cases of confusion of boundaries, upon the ground that the boundaries are in controversy, but to require that there should be some equity superinduced by the act of the parties, such as some particular circumstance of fraud, or some confusion where one person had ploughed too near another, or some gross negligence, omission or misconduct on the part of the person whose special duty it is to preserve or perpetuate the boundaries." Story's Eq., 615; Pomeroy's Eq., 1384–1385; Adams' Eq 237; Tyler on Bound., 256–280; 2 Leading cases in Eq., 680.

These elementary works refer to many cases, illustrating the question. In this case there is nothing shown in reference to the conduct, situation, or relation of the parties to each other, or to the land, which gives rise to any peculiar equity.

The parties are shown to hold separate and distinct legal titles to different tracts of land ; neither fraud nor neglect of duty is alleged against the defendants ; no such relation is shown between the parties as made it incumbent on the part of the defendants to preserve every evidence of the true boundary ; in fact, the averment is, that the true boundary was established more than forty years ago. and that natural objects called for to identify it, still exist, by which the plaintiff is now able definitely to allege where the true boundary line is.

One of the settled rules of equity, in cases of confusion of boundary, is, that a court of equity will not undertake to grant relief, unless it be shown that, without the assistance of the court, the boundaries cannot be found. Millar v. Warmington, Jacob & Walker's Ch. Rep., 471.

When a plaintiff is able to aver the true locality of a boundary line and that the natural objects, called for in a deed to fix its true locality, still exist, and does so aver, he then shows a case, in which, within the meaning of the law, no confusion of boundary can exist. The deed, through which the defendants claim, fixed their lower line at a mesquite tree, but reference was made to other natural objects to point out its true locality, and, in reference to these matters, the petition alleges, that " the said mesquit tree is no longer in existence, but the bluff, and the rush flat, or marsh, and other objects descriptive of the locality of said tree, are in existence, and have undergone no material change since the execution of said deed from Duke to Sheppard, and the bluff, rush flat, or marsh, etc., are at the place herein before designated, in describing the place where the said tree, in fact, did stand, and are susceptible of ready identification, and to this point defendants own, and no further, and plaintiff owns all the land south of said two thousand acres, or below the lower line thereof, and west of Canoe bayou, being, as aforesaid, seven hundred and ninety-one acres."

Another rule in equity is, that, in order to obtain relief from a court of equity, the plaintiff must show a clear title to some land in the possession of the defendant. Godfrey v. Littel, 1 Russell & Mylne, 59 ; s. c. 2 R. & M., 630 ; Attorney General v. Stephens, De G., M. & G., 111.

This rule, perhaps, might be extended here so as to embrace cases in which, without possession, there is an adverse claim arising from a disputed boundary, if the other facts were such as to justify the interposition of a court of equity. It may well be questioned whether a case can here arise in which one owner of land may not have full relief against the owner of contiguous land, through an action of trespass to try title, where there is an adverse holding or claim growing out of a disputed boundary line.

The facts which would authorize a proceeding in equity to settle a disputed boundary, under the settled rules governing courts of equity in England and America, would here authorize the statutory action of trespass to try title, in which the question of true boundary may be as definitely settled as in any other form of procedure. When, by such an action, complete relief can be given, a court of equity would refuse to act. Wetherbee v. Dunn, 34 Cal. 249 ; Doggett v. Hart, 5 Fla. 232 ; Wolcott v. Robbins, 62 Conn. 236 ; Perry v. Pratt, 31 Conn. 433 ; Tillmes v. Marsh, 67 Pa. St. 508 ; Story's Eq. 619 ; Pomeroy's Eq. 1384, 1385 ; Wake v. Conyers, and cases cited in 2 Ld'g Cases in Equity, 840 ; Topp v. Williams, 7 Humph. 569 ; Norris' Appeal, 64 Pa. St. 275.

The case of George v. Thomas, 16 Tex. 74, was one brought to establish a boundary line between persons, one of whom owned the upper half of a league of land and the other the lower, but between them no division line had ever been established, nor were those points from and to which the division line should run fixed in the deeds under which they held.

In that case, as no division line had been established, nor points given from and to which, or from which, by course, the dividing line might be run, the court held that the action was maintainable, on the theory that the conveyances through which the parties claim, conveying, as they did, to one the upper and to the other the lower half of the league without further determination of points at which the lower line of the one and the upper line of the other should be, were executory conveyances, passing the title, but not ascertaining the boundaries of the land conveyed.

The court, however, held that proof that the dividing line had been run would be a complete answer to the petition; and the same result would doubtless have followed had it been shown that by the conveyances the dividing line was required to begin at a point accurately described, and thence run a given course for a certain distance, or to a certain object; for, in such a case, the dividing line, though not actually run, would be, in law, fixed.

The prayer of the plaintiff to be quieted in his title was as much wanting or deficient in facts averred, necessary to support it, and to entitle him to the relief sought, as was the prayer we have considered. Giving to the petition every reasonable intendment to which it is entitled, we are of the opinion that it does not state facts sufficient to authorize the maintenance of the action, and we therefore hold that the court below did not err in sustaining the general demurrer.

The judgment will be affirmed.

AFFIRMED.

[Opinion delivered March 5, 1886.]