ANNA DOS ANJOS PERRY, ANNA PERRY, ANTONIO
     PERRY, JULIA PERRY, INEZ LARNARCH n'ee
     PERRY and A. LARNARCH, her husband, FLORA
     PERRY and EDUARDO PERRY, a minor, by his
     Guardian ANNA DOS ANJOS PERRY v. MARY LUCAS and
     CHARLES LUCAS, her husband.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JANUARY 5, 1898.        DECIDED MARCH 1, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

A bill in equity to establish the boundary between two lands cannot
     be maintained by the owner of one of the lands either upon the
     allegation that the boundary as described in the Award and Patent
     of the other land is incorrect, uncertain and defective or upon the
     allegation that the owner of the other land has with a reckless
     disregard of the complainant's rights removed a boundary mark
     which is mentioned in his own survey only.

Mere confusion of boundaries or destruction of boundary marks is not
     sufficient to give a court of equity jurisdiction to establish bound-
     aries. There must be some special equity.

A bill to reform an Award and Patent cannot be sustained where
     there is nothing to show how they should be reformed.

A bill to remove a cloud by settling boundaries cannot be sustained
     where a bill to settle the boundaries could not be sustained, or
     where a superior legal title is shown in the defendant and no
     equitable title is shown in the complainant.

OPINION OF THE COURT BY FREAR, J.

This is entitled a "bill to remove a cloud, to establish
boundaries and for an injunction." There are allegations and

prayers bearing upon each of these objects. The allegations and prayer with reference to the injunction are merely incidental to the other allegations and prayers and need not be specially considered. The defendants demurred on the grounds (1) that the bill does not state facts sufficient to show a cause of action and (2) that complainants have a complete and adequate remedy at law. Whether there is a complete and adequate remedy or any remedy at law or not we need not consider, for, in our opinion, the bill does not show a case for relief in equity.

Is the bill sufficient, either as a bill to remove a cloud or as a bill to establish boundaries? This is the question to be decided. Of complainants' counsel one seems to regard the bill mainly as one to establish boundaries, looking upon the removal of a cloud chiefly as a result of the settlement of the boundaries, while the other lays special emphasis upon the removal of the cloud and treats the settlement of the boundaries chiefly as a result of the removal of the cloud.

Let us treat the bill first as one to establish boundaries. It appears that complainant Anna dos Anjos Perry holds in trust for herself and her children, also complainants, the land of Wailupe, in the District of Kona, Oahu, adjoining on its east side the land of Niu owned by the defendant Mary Lucas, and that the survey, Land Commission Award (No. 802) and Royal Patent (No. 52) of Niu are of earlier date than the survey, Award (No. 6175) and Patent (No. 4498) respectively of Wailupe. The complainants seek to establish the boundary between these lands and pray that the boundary may be decreed to be that set forth in the bill by courses, distances and natural monuments and claimed to be the correct boundary,—which is substantially the same as that set forth in the Patent of Wailupe.

Two grounds are relied upon to give equity jurisdiction. The first is that the western boundary of Niu as described in its Land Commission Award and Royal Patent is, as alleged, "incorrect, uncertain and defective to such an extent as to indicate

gross errors and mistakes on the part of the surveyor who plotted the same" and "does not constitute the true boundary between said lands of Niu and Wailupe; and that the true boundary between said lands cannot be ascertained by the description thereof in said Royal Patent and Land Commission Award;" and that the boundary as described in said Award and Patent purports to extend into the land of Wailupe and includes as a portion of Niu certain valleys from time immemorial known as a portion of Wailupe.

As to this ground, it is to be noticed that the description in the Niu Award and Patent is not set out in the bill so that the court may judge for itself whether the boundary as there described is "incorrect, uncertain and defective," and that, too, though the allegation that such boundary is "incorrect, uncertain and defective" is shown to be merely an inference from such description. There is no allegation that the survey is impossible. The allegation of uncertainty and defectiveness, even if it could be taken as an allegation of fact and not a mere conclusion of law, is deprived of whatever force it might otherwise have by the further allegation that the boundary purports to extend into the land of Wailupe and includes a portion of it as a portion of Niu, thus showing an intelligible plain description. It is evident that, of the allegations in this part of the bill, the one relied on is that the boundary as described in the Niu Patent is incorrect and not the true boundary and includes part of Wailupe. But this is merely an allegation of an overlap, or that both Patents cover in part the same land. A bill to establish boundaries does not lie to remedy a mistake of this kind. A bill to remove a cloud or a bill to reform a Patent might lie in such a case under certain circumstances but not a bill to establish boundaries.

Further, except in so far as the Niu Patent covers part of Wailupe, we fail to see how the owners of Wailupe are concerned with the description in the Niu Patent. The description in the Wailupe Patent is independent of the description in the

Niu Patent. Suppose the latter is "uncertain and defective," as alleged, suppose it does indicate gross errors and mistakes on the part of the surveyor, suppose it does not indicate the true boundary between these lands, suppose this true boundary cannot be ascertained from the Niu Patent, what is that to the owners of Wailupe? In so far, therefore, as the allegations of uncertainty and defectiveness alone are concerned, it does not appear that the owners of Wailupe are in a position to complain. They can ascertain their boundary from the description in their own Patent and they do in fact set it out as correct in their bill. It is only in so far as the boundary set out in the Niu Patent may be untrue and may include a portion of Wailupe that they show themselves prejudiced, and it is clear, as said above, that a bill to establish boundaries is not an appropriate bill to obtain relief in such a case. Equity cannot on such a bill go back of the surveys, Awards and Patents of two lands to ascertain and fix what was originally intended or supposed to have been the boundaries between those lands.

The other ground relied on to give equity jurisdiction to establish the boundary is that the defendants, as alleged, "with a reckless disregard of the rights" of the complainants, "cut away considerable portions of the ledge of rock surrounding and overhanging the spring called Papalea," and dug "a large hole in the ground near and above said spring, so that any boundary marks that may have previously existed at the places so dug into or cut away have been defaced and lost; and thereby made it impossible to ascertain the existence and locality of a certain mark of a cross mentioned in the survey of said land of Niu, on which the Royal Patent therefor was based, and which said mark, if ascertained, would determine whether the survey of the easterly boundary line of plaintiffs' said land of Wailupe, ending as its description shows at 'the sea at a spring of water called Papalea' coincides with the earlier survey of defendants' said land of Niu beginning as its description shows at a rock marked X at makai south-west corner of this land

by spring of water joining Wailupe at sea,' " and which said mark would "establish the correctness of the boundary line between said lands as claimed."

The substance of these allegations is that defendants with reckless disregard of complainants' rights removed a boundary mark if any existed. It is not alleged that any mark existed. The mark is mentioned in the Niu survey only. It is not clear that the mark, if ascertained, would show, as alleged, whether the eastern boundary of Wailupe coincides with the western boundary of Niu, or that it would establish the true boundary between these lands. If the description of the boundary in the Niu survey is untrue, uncertain and defective, as alleged, the ascertainment of the mark which is mentioned only in the Niu survey, would be of little, if any, value. If, on the other hand, that description is true and certain, the boundary would coincide with the boundary as described in the Wailupe survey, if that is true, as alleged, in which case the owners of Wailupe would have nothing to do with the existence of a mark not mentioned in their survey. It is not shown or alleged that the true boundary cannot be ascertained without ascertaining the existence or location of the mark in question, or without the assistance of equity. That such an allegation is necessary see Story, Eq. Jur., Sec. 620; *Nye v. Hawkins*, 65 Tex. 600. On the contrary, so far as appears, the complainants' survey is sufficient in itself and no monument mentioned therein has been disturbed.

But aside from the question of the importance of the existence or location of the mark referred to, the mere removal of the mark although with a reckless disregard of complainants' rights would not give equity jurisdiction. It is well settled that a mere confusion of boundaries or destruction of boundary marks, although occasioned by the acts of the party complained of, is not sufficient to give equity jurisdiction. The remedy, if any, in such cases is at law. To give equity jurisdiction there must be some special equity, such as fraud; or a relation between the parties which makes it the duty of one of them to preserve the

boundaries; or the prevention of a multiplicity of suits. Story, Eq. Jur., Sec. 619 *et seq.* In *Speer v. Crawter,* 2 Mer. 410, it not appearing that the confusion had been occasioned by the acts or neglect of the owners of one manor while they were lessees of the other, the Master of the Rolls dismissed the bill, asking, "On what principle, can a court of equity interfere between two independent proprietors and force one of them to have his rights tried and determined in any other than the ordinary legal mode in which questions of property are to be decided?" In *Walker v. Leslie,* 14 S. W. (Ky.) 682, it was alleged that the defendant had opened the fence on the line described in the petition as the true division line and was setting up a different division line which would increase his acreage, but the court held that there was no equity, because no relation was shown between the parties making it the duty of the defendant to preserve the boundary. In *Tillmes v. Marsh,* 67 Pa. St. 507, it was alleged that the defendants had torn down a fence and done other acts interfering with complainants' rights. The court dismissed the bill for want of equity. In *Wetherbee v. Dunn,* 36 Cal. 249, it was alleged that the defendant had removed division fences and that the boundaries had become so confused that they could not be ascertained without the aid of equity. The court held that there was no ground for relief in equity. See also *King v. Brigham,* 23 Or. 262, and *Wilson v. Hart,* 98 Mo. 618. In the present case complainants and defendants are independent proprietors; no relation is shown to exist between them making it the duty of the defendants to preserve the boundary marks, much less to preserve a mark which is mentioned in their own survey only. The allegation that the defendants, in removing the rock, acted with a reckless disregard of complainants' rights, does not show fraud on the part of the defendants.

Now taking the other view—that the bill is one to remove a cloud, it is alleged merely that the defective and uncertain boundary line as described in the Niu Patent and Award is a cloud upon the title of Wailupe, and the prayer is that that

Award and Patent be reformed and that the cloud be otherwise removed by the settlement of the boundary. It is evident that the bill cannot be sustained as a bill to reform the Award and Patent, for, not to mention other reasons, there are no allegations to show how they ought to be reformed. The Niu Award and Patent are not set out and there are no allegations to show the intention of the original parties to which the Award and Patent should be made to conform. Nor can the bill be sustained as one to remove a cloud by settling the boundaries, for that would be to sustain it as a bill to settle boundaries (which, we have seen, cannot be done upon the allegations of this bill) merely by calling it a bill to remove a cloud. The fact that the Niu Award and Patent are the earlier in date, thus indicating a superior legal title in defendants as to so much of the land as is covered by both Awards and Patents, coupled with the absence of any showing of an equitable title to such land in the complainants as against the defendants, is an additional reason for holding that the bill cannot be sustained as one to remove a cloud.

The decree of the Circuit Judge dismissing the bill with costs is affirmed.

*A. S. Hartwell* and *A. G. M. Robertson* for complainants.
*Kinney & Ballou* for defendants.