MARY A. DOWNEY *v.* EMALIA SILVA, SR., THOMAS SILVA, JOHN SILVA, GEORGE SILVA, SARAH SILVA, ROSIE O'HARA, MARY ANN HORNER, HATTIE DOAK, JOSEPH SILVA AND EMALIA SILVA, JR.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JANUARY 17, 1911.          DECIDED JANUARY 20, 1911.

HARTWELL C.J., PERRY AND DE BOLT, JJ.

EQUITY—*cloud upon title—boundaries.*

    Mere confusion of boundaries resulting from an overlap by two

patents is not sufficient to give a court of equity jurisdiction to establish boundaries. There must be some special equity.

A bill to remove a cloud by settling boundaries can not be sustained under circumstances under which a bill to settle the boundaries could not be sustained.

### OPINION OF THE COURT BY HARTWELL, C.J.

This was a bill in equity entitled "Bill to remove cloud on title," the plaintiff alleging that she is owner in fee simple, entitled to and in possession of all of the land described in Royal Patent 129, situate at Kaneohe in the Island of Oahu, dated December 24, 1850, based on Land Commission Award 3121 of October 15, 1850, and described in the patent by metes and bounds, with an area of 19.7 acres; that February 11, 1856, Royal Patent No. 2408, based on Land Commission Award 1889 of October 10, 1854, granted certain land, situate at said Kaneohe, claimed by the defendants and described in the patent by metes and bounds, with an area of 11.8 acres, which overlaps a portion of the premises conveyed under the plaintiff's earlier patent; that the defendants claim the overlapping portion under their patent; that the claim is invalid, and that the claim and Royal Patent 2408, Land Commission Award 1889, upon which it is based, constitute a cloud upon plaintiff's title, praying judgment that the said cloud upon the title of plaintiff be removed, and that "the title to said premises and the whole thereof be quieted in plaintiff." The defendants answered denying that the land claimed by the plaintiff was embraced in Royal Patent 129, Award 3121, or that plaintiff is its owner or "is in possession of any part of the land described in said Patent from which she seeks to remove cloud in this suit," alleging "that these defendants and their predecessors in title have, for more than twenty years last past been in the exclusive, hostile, open and notorious possession thereof, claiming it as their own."

Upon this pleading the court heard testimony and made a decree that "it appearing that the said defendants have not, nor has any of them, any estate, right, title or interest whatever in

and to those certain premises and lands of the plaintiff in the said bill of complaint of the plaintiff particularly described, and that the plaintiff was in possession of said land at the time of the commencement of this suit, and is now in such possession and that the title of the plaintiff thereto is good and valid," the defendants "are forever enjoined and restrained from asserting any claim whatsoever in and to said land as described in said Land Commission Award No. 3121, Royal Patent 129, or any part thereof, adverse to said complainant," the decree containing a description of the land as in the Royal Patent, with certain modifications.

Upon the authority of *Perry* v. *Lucas,* 11 Haw. 350, 352, 354, 356, the bill must be dismissed for want of equity, there being no fraud, trust or other relations of an equitable nature suggested.

The court granted the injunction solely on the ground that upon the testimony it appeared that the plaintiff had title and was in possession, under her patent, of certain land which the defendants claimed to be in possession of and to be entitled to under their patent. In *Perry* v. *Lucas,* supra, it was held that "the mere allegation of an overlap or that both patents covered in part the same land" does not authorize a bill to establish boundaries to remedy a mistake of this kind, although "a bill to remove a cloud or a bill to reform a patent might lie in such a case under certain circumstances," but (354) "to give equity jurisdiction there must be some special equity, such as fraud; or a relation between the parties which makes it the duty of one of them to preserve the boundaries; or the prevention of a multiplicity of suits," and, furthermore (356), that the bill could not "be sustained as one to remove a cloud by settling the boundaries, for that would be to sustain it as a bill to settle the boundaries (which we have seen cannot be done upon the allegations of this bill) merely by calling it a bill to remove a cloud."

The case cited established in 1898 the rule that the mere

fact that one patent overlaps another does not give equity juris-
diction for the purpose of reforming the patent, especially if the
bill does not show how it ought to be reformed, nor to settle the
boundaries by invoking the jurisdiction of equity to remove a
cloud upon the title. Presumably the practice then has con-
formed to the rule thus laid down, so that even if the rule were
in apparent conflict with many decisions elsewhere no good
purpose would be subserved by considering the question as if it
were now before us de novo. For the purpose of obtaining a
decree declaring the plaintiff's title to the land in controversy
the statutory remedy of an action to quiet title would appear
to be a fully adequate remedy for the plaintiff. There is no
reason why the defendants should not have demurred to the bill
for lack of jurisdiction instead of causing the unnecessary de-
lay and expense of a trial of the irrelevant facts pleaded in their
answer.

Decree reversed, bill dismissed without prejudice.

*C. C. Bitting* (*Thompson, Clemons & Wilder* on the brief)
for plaintiff.

*J. A. Magoon* (*Magoon & Weaver* on the brief) for defend-
ants.