C. Q. YEE HOP *v.* JOHN F. COLBURN AND FOO
TING, ALIAS AKANA.

No. 1104.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. W. S. EDINGS, JUDGE.

ARGUED JANUARY 30, 1919.                    DECIDED FEBRUARY 14, 1919.

COKE, C. J., CIRCUIT JUDGE DEBOLT IN PLACE OF KEMP, J.,
ABSENT, AND CIRCUIT JUDGE HEEN IN PLACE OF EDINGS, J.,
DISQUALIFIED.

EQUITY—*jurisdiction to restrain destruction of property.*

> An owner in·possession of property may invoke the process of
> a court of equity to restrain parties who have repeatedly tres-
> passed upon his property and caused destruction of a part thereof
> and who threaten future trespasses and acts of destruction.

OPINION OF THE COURT BY COKE, C. J.

The complainant-appellee instituted a suit in equity
against the respondents-appellants for an injunction.
Summarizing the principal allegations of the bill it ap-
pears that the complainant is the owner and in possession
of a lot of land situated on the south side of River street
in the city of Honolulu and having a frontage along
Magoon lane of 79 feet; that in May, 1915, the complain-
ant had commenced the erection of a building on said lot
and as a part of the foundation for the building he had
constructed a concrete wall along the mauka or northerly
boundary of said lot parallel to the makai or southerly
line of Magoon lane; that the respondents wrongfully
and unlawfully trespassed and entered into and upon said
premises and wrongfully and unlawfully broke, dug up
and destroyed said concrete wall; that in the month of

June of the same year the complainant reconstructed said wall and that the respondents again wrongfully and unlawfully destroyed same; that the respondents threaten and intend to continue to trespass and enter upon the premises and to wrongfully and unlawfully break, dig up and destroy any concrete or other wall or building or structure which may be built, erected or constructed by complainant upon said premises. A temporary restraining order was issued against the respondents. The respondent Akana filed a plea in abatement, which plea alleged that said Akana is the owner of a lot of land which borders on the northeast side of Magoon lane and that Magoon lane is eight feet in width and that he has for more than ten years been in the use and enjoyment of said lane and that the use thereof in its full width, to wit, eight feet, is necessary to the proper enjoyment of the land owned by him; that the complainant claims the right to encroach upon said lane and to reduce the width thereof to such an extent as to interfere with the rights of said Akana. The plea avers that there has been no adjudication at law of the rights of the parties in the premises; that the respondent Akana is entitled to such an adjudication at law and he prays judgment whether the court should take further cognizance of the suit.

The plea in abatement was overruled and the respondents filed separate answers. The answer of respondent Colburn denies any participation in any wrongful act against the rights of the complainant and denies any interest in the property in question or any participation in the controversy. The respondent Akana interposed an answer and cross-bill. The answer set out in more detail the matters alleged in the plea in abatement. The cross-bill contained allegations calling for affirmative relief against complainant for the alleged interference by him with the use and enjoyment by Akana of the lane in question and

for damages and costs. After the trial upon the issues involved the circuit judge rendered a decision wherein he held that the concrete wall or foundation of complainant's building was within the boundary of the lot owned by him and that the same did not encroach upon Magoon lane; that the evidence showed that the respondent Akana had encroached upon the lane and had erected a building a part of which extended into the lane and caused the reduction in its width; that the temporary injunction should be made permanent; that the cross-bill of respondent Akana be denied and dismissed and that the complainant have his costs. A decree based upon the decision was entered and from it the cause is brought to this court on appeal.

The first point raised by the respondents in their brief attacks the correctness of the action of the court in overruling the plea in abatement and the second complains of certain findings and conclusions of the trial judge contained in his decision and incorporated into and made a part of the decree.

The matters alleged in the plea in abatement were insufficient to oust the court, sitting in equity, of its jurisdiction in the premises and the plea was properly overruled. Counsel for respondents relies principally upon the case of *Perry* v. *Lucas,* 11 Haw. 350, as an authority supporting his view that a court of equity has not jurisdiction over the subject-matter of a controversy such as is presented by the pleadings in the case at bar. We do not think that case in point. In the *Perry* case there was some doubt whether the bill was to be regarded mainly as one to establish boundaries or as a bill to remove a cloud. The court held that under the allegations contained in the bill no relief could properly be had in a court of equity. In the present case we have a petition addressed to a court of equity by the owner in possession of the property to re-

strain parties who have trespassed upon the property and caused destruction of a part thereof and who threaten future trespasses and acts of destruction. Upon two recognized principles equity would afford relief in such a case. First, because the threatened acts of the respondents, if carried into effect, might tend to the destruction of the property, and, second, the repeated acts of trespass would result in a multiplicity of suits. See 22 Cyc. 826.

The whole controversy is the result of a dispute as to the proper location of the boundaries of Magoon lane. Complainant and respondent Akana each owns a lot adjoining the lane and it appears that Akana, as well as the public at large, enjoys a right of way over the full length and breadth of the lane and any encroachment thereon would contravene that right. Prior to the time he commenced the construction of the concrete wall or foundation complainant obtained the services of Mr. Harvey and Mr. Newton, two surveyors whose qualifications as such were admitted, and by them the mauka or northerly boundary of complainant's lot was established and they both testified that the wall or foundation erected by him was within the boundary of his lot and that it did not extend into or upon Magoon lane. Against this the respondent Akana took the witness stand and testified that his own building was not beyond the boundary of his lot as the lines thereof were staked and pointed out to him by a representative of the government at the time he first acquired title. There is no doubt that by encroachment from some source the width of the lane has been reduced approximately 1.4 feet, but from the evidence before him the circuit judge found that it was the building of the respondent Akana and not the wall of the complainant which extended into the lane and resulted in the reduction of its width. A clear preponderance of the evidence sustains that finding.

The record presenting a cause properly cognizable by

a court of equity and the evidence fully sustaining the relief granted the decree appealed from is affirmed.

*W. J. Robinson* and *W. B. Lymer* for complainant.

*J. B. Lightfoot* for respondents.