FRANK A. SCOTT, Administrator, *vs.* AMELIA MONKS.

Pub. Stat. R. I. cap. 181, § 9, provides that, pending an appeal from a decree of a court of probate granting letters testamentary, "the executor," having given bond, "may collect the income and rents of the real and personal estate of the testator . . . for the benefit of the devisee or heirs at law of the testator, . . . and may bring suit in his name for the possession of any such real or personal estate."

*Held,* that the word "executor" should be construed as meaning also "administrator with will annexed."

EXCEPTIONS to a Special Court of Common Pleas.

*May* 17, 1888. DURFEE, C. J. This case comes up on exceptions from a Special Court of Common Pleas. .It is an action of ejectment to recover of the defendant an estate or tenement let to her by the late Joseph Knight, which belonged to said Joseph at his decease. Said Joseph died leaving a will, and by a decree of the Municipal Court of the city of Providence, in January, 1888, said will was admitted to probate, and the plaintiff was appointed administrator with the will annexed. An appeal was taken from the decree to this court, and pending the appeal the plaintiff brought this action. The defendant was the sister of Joseph Knight. She went to his house at his request and took care of him,, having the premises rent free for compensation. She was in possession when the action was brought. The question of law raised in the court below was, whether the plaintiff as administrator with the will annexed could maintain the action. The court ruled that he could, and the defendant excepted.

The action is brought under Pub. Stat. cap. 181, § 9, which provides that, pending an appeal from a decree of a court of probate granting letters testamentary, "the executor," having given bond, "shall have power to collect the income and rents of the real and personal estate of the testator," for the benefit of the devisees or heirs at law, and "may bring suit in his name for the possession of any such real or personal estate." The defendant contends that the provision extends only to "executors," and that the plaintiff is not an executor, but only an administrator with the will annexed. The purpose of the provision is obvious. While a will devising real estate is in contest, it cannot be known whether the devisees or the heirs at law are entitled to receive the rents and sue for possession, and therefore, to meet this dilemma, the exec-

utor is empowered, pending the appeal, to collect rents and sue for possession, accounting finally to the devisees or heirs at law, according as the contest is decided.   Now the dilemma is the same whether the executor named in the will is appointed to administer the estate under it, or, in the place of him, an administrator with the will annexed.   Why, then, should not the provision be construed to apply to both cases ?   It clearly should be so construed, if possible.   We think it can be so construed.   Doubtless there may be duties imposed on and powers given to the executor named in ·the will which are so personal to him that they will not pass to an administrator with the will annexed ; but, for all the general purposes of administration, the administrator with the will annexed is simply the executor under another name.   He is appointed to perform the official functions of the executor, and there is no reason, incident to the nature of this statutory function, why he should not perform it.   It seems to us that this is peculiarly a case in which the maxim _Qui haeret in literâ haeret in cortice_ applies, and that we should be giving the statute a very shallow construction if we did not construe it to include under the name of executor an administrator with the will annexed, inasmuch as the latter is for all official purposes the executor.   And see _Sheldon, Administrator_, v. _Smith_, 97 Mass. 34.

_Exceptions overruled._

_William H. Sweetland_, for plaintiff.
_George J. West_, for defendant.

