## W. M. WEAVER V. H. VANDERVANTER.

### No. 7232.

1. **Bill in Equity for New Trial—Insufficient Grounds.**—That the judgment sought to be avoided does not conform to the pleadings is an error which should be corrected by appeal or error. That complainant was deprived of the right of appeal is no excuse for not suing out a writ of error to correct the judgment.

2. **Bill of Review.**—Relief in equity against a judgment will be granted only when complainant has suffered from fraud, accident, or mistake, unmixed with negligence on his part.

3. **Same—Case in Judgment.**—As grounds of complaint it was alleged that the judgment entered of record is not that rendered by the court. This complaint is not sustained by a conflicting entry upon the judge's docket, nor by an allegation that the decree was fraudulently prepared by an attorney of the adverse party and thus entered, for it is the duty of the court to verify the minutes, and it is presumed he has done so.

4. **Disputed Boundary Lines.**—Disputed boundary lines may be determined in actions of trespass to try title.

APPEAL from Runnels. Tried below before Hon. J. W. TIMMINS. No statement is necessary.

*Powell & Smith*, for appellant.—The court erred in rendering judgment in favor of defendant against plaintiff, sustaining the defendant's general demurrer to plaintiff's original petition filed in said cause on the 11th day of October, 1889, and dismissing said cause from the docket of the court, and for all costs in said cause expended, to which plaintiff duly excepted:

1. Because said petition is an original proceeding in equity to vacate a former judgment of the court, for fraud, mistake, and accident, and to reopen and re-examine upon its merits the cause of action as alleged in said former suit, which petition is sufficient and shows sufficient equities to entitle plaintiff to be heard thereon.

2. Because the following equitable facts are fully and sufficiently alleged in said petition: (1) That the former judgment was not caused by any negligence of plaintiff, but that diligence was used to prevent it; (2) that plaintiff had and now has a good and meritorious cause of action, which he was prevented from presenting by mistake and accident and the fraudulent acts of the defendant, wholly unmixed with any fault or negligence of his own; (3) that there is good cause to believe that a different result will be obtained by reopening and re-examining the cause upon its merits; (4) the pleadings and issues of the former suit and its result are set forth distinctly and clearly; (5) that plaintiff has paid all costs of the former suit; (6) the petition shows good and sufficient reasons why plaintiff did not prosecute his said former suit by appeal or writ of error; (7) that plaintiff will sustain an irreparable loss in lands of great value unless said former judgment is

vacated and the cause reopened and re-examined upon its merits; (8) the petition is duly verified. Taylor, Knapp & Co. v. Fore, 42 Texas, 256; Roller v. Wooldridge, 46 Texas, 485; Overton v. Blum, 50 Texas, 423; McMurray v. McMurray, 67 Texas, 670.

*Goodwin & Cleveland*, for appellee.—Appellant's petition was defective and subject to the demurrer: 1. Because it does not allege any facts showing that he had a good and meritorious cause of action, which he was prevented from prosecuting to a successful termination by reason of fraud, accident, mistake, or the act of appellee, unmixed with fault on his part. 2. It does not allege facts showing good grounds for a new trial or for reversal of the judgment, and that by reason of fraud, accident, mistake, or the acts of appellee, unmixed with fault on his own part, he was prevented from filing a motion for a new trial during the term, or from appealing the case. 3. It does not allege any facts impeaching the justness of the judgment, and showing that a different result will probably be attained by another trial. McGloin v. McGloin, 70 Texas, 634; Overton v. Blum, 50 Texas, 423; Harn v. Phelps, 65 Texas, 592; Johnson v. Templeton, 60 Texas, 239; Nevins v. McKee, 61 Texas, 413; Goss v. McClaren, 17 Texas, 107; Plummer v. Power, 29 Texas, 7; Burnley v. Rice, 21 Texas, 183; Roller v. Wooldridge, 46 Texas, 485; Bryorly v. Clark, 48 Texas, 345.

TARLTON, JUDGE, *Section B.*—March 15, 1888, W. M. Weaver instituted suit, No. 102, in the District Court of Runnels County, against H. Vandervanter. The suit was in the form of an action of trespass to try title to recover a tract or strip of 232 acres of land, a part of the R. M. Williamson survey No. 232, of 4605 acres, in Runnels County. This strip or tract of land was, in the petition in that suit, described by metes and bounds, which indicate that the Williamson and Alford surveys are contiguous, and that the latter survey lies east of the former.

A plea of not guilty was interposed by the defendant. On March 27, 1889, the cause was tried by the court, and judgment was rendered for the defendant. By this judgment, as entered in the minutes of the court, the boundary line between the Williamson survey, including the land claimed by the plaintiff, and the Alford survey claimed by the defendant, was established, and the title of the parties respectively in the land claimed by them was quieted.

The present suit is a proceeding in equity instituted in the same court, October 11, 1889, by the appellant, in the nature of a bill of review. Appellant seeks to annul the judgment referred to and to reopen the case, that, as he alleges, *it* may be tried upon its merits.

Appellee addressed to the petition a general demurrer, which the court sustained. Appellant declined to amend, and the cause was dismissed. Hence this appeal.

The sole question involved is the correctness of the court's ruling on the demurrer.

The petition is lengthy and verbose. We do not deem it necessary to its discussion that we insert it. One of the grounds alleged for the relief sought is, that the judgment complained of does not conform to the pleadings. If this be true, the judgment was plainly erroneous, because a judgment must be supported by proper averments. Hall v. Jackson, 3 Texas, 305; Chrisman v. Miller, 15 Texas, 160; Denison v. League, 16 Texas, 399; Handel v. Elliott, 60 Texas, 145; Boles v. Linthicum, 48 Texas, 221. If the judgment was erroneous, we see no reason why the jurisdiction of the appellate court might not have been invoked to set it aside. The appellant alleges, that he was deprived of an appeal by the negligence of his attorney; but he urges no reason whatever for failing to resort to the cumulative remedy of the writ of error. The judgment was entered in March. This proceeding was begun in the succeeding October. There was ample time within which to prosecute a writ of error. Appellant could therefore have availed himself of an adequate remedy at law. By virtue of an elementary principle, he will not be permitted to maintain this suit in equity. 1 Pome. Eq., sec. 216. Again, the relief here sought will be granted only when the complainant has suffered from fraud, accident, or mistake, unmixed with negligence on his part. Harn v. Phelps, 65 Texas, 592; Plummer v. Power, 29 Texas, 7.

The fraud relied upon in this case consists in the alleged facts, that as shown by the entry on the judge's docket the judgment rendered by the court in the cause No. 102 was simply a general judgment for the defendant; that the court requested the defendant's attorney to prepare the decree in accordance with the judgment; that the attorney, instead of preparing such a decree, fraudulently framed the decree complained of, and caused it to be entered by the clerk upon the minutes of the court. It was the duty of the judge to approve these minutes, and to know the contents of the orders and judgments thereon entered. It is presumed that he discharged his duty. There is no allegation in the petition that he was in any sense derelict. The surreptitious conduct of the attorney, therefore, could not have imposed upon the judge. The decree must be regarded as the deliberate act of the court. The conduct of the attorney, if fraudulent, must be regarded as ineffectually so, and thus as not the subject of legitimate complaint. It is difficult to read the petition of appellant and avoid the conclusion that the question actually determined by the court on the trial of the cause No. 102 involved the fixing of the boundary line between the Williamson and the Alford surveys. It does not follow that this issue could not have been determined because the suit was in the form of an action of trespass to try title. In such an action, "the question of true boundary may be as definitely settled as in any other form of pro-

cedure." Nye v. Hawkins, 65 Texas, 600. It appears, indeed, from the allegations of the petition, that at the instance of the appellant, plaintiff in the cause referred to, evidence as to the true locality of the boundary was heard by the court. Thus complaint is made in the petition that one W. J. Miller, a witness for the plaintiff, though on the witness stand, did not testify about "the most material facts within his knowledge with reference to the true locality of the east boundary line" of the Williamson survey. This failure to testify (relied upon as a ground for setting aside the decree) is ascribed to the fact that the witness did not use a "certain large sketch" of surveys, which, though in his possession, he did not refer to, because an attorney (whose name and relation to the parties are not stated) had fraudulently informed him that he would not be permitted to use it.

In a case of this kind the strongest and closest reasons must be shown for the interposition of a court of equity. Nevins v. McKee, 61 Texas, 413. Reasons of this character are not found in the allegations of the appellant's petition. In fact, his bill appears to be wholly without equity.

The judgment should be affirmed.

*Affirmed.*

Adopted May 24, 1892.