## KENT COUNTY.

JOHN J. KILTON, Administrator, *vs.* ALEXANDER ANDERSON.

The office and powers of an administrator with will annexed cease when the will is set aside.

The provision of Pub. Stat. R. I. cap. 183, § 4, that the refusal of the executor named in a will to accept his trust shall be communicated in writing to the probate court is directory only.

ASSUMPSIT. On plea in abatement.

*Providence, January 7, 1893.* STINESS, J. This suit is brought by the plaintiff as administrator of the estate of Jane Kilton, late of Coventry, deceased. The defendant pleads in abatement that the plaintiff is not administrator upon said estate, but that Caleb G. Bates is the administrator. By the agreed statement of facts it appears that an instrument in writing, purporting to be the last will and testament of Jane Kilton was admitted to probate, whereupon, the executors named having declined to accept the executorship, the court of probate of Coventry appointed said Bates administrator with the will annexed. Subsequently, on appeal, the probate of said instrument was set aside, and since then, on a proper petition duly filed and notified, letters of administration upon the estate of said Jane Kilton were granted to the plaintiff, her sole heir at law and next of kin. The question therefore is whether Caleb G. Bates, administrator with will annexed, continued to be the administrator upon the estate after the will was set aside. In *Scott* v. *Monks*, 16 R. I. 225, it is stated

that for all the general purposes of administration an administrator with will annexed is simply an executor under another name. Consequently his powers and tenure of office cannot be more extensive than those of an executor. There can be no question that the office of an executor ceases upon the setting aside of the will under which he acts and it follows that the office of an administrator with will annexed must cease under the same circumstances. The only decided case upon this point, of which we are aware, is *Smith* v. *Stockbridge,* 39 Md. 640; where it is held that if a will is void, the administration granted with the will annexed, upon an *ex parte* application, must also be void. The facts in that case were somewhat different from this case, in that, the probate of the will not being in solemn but in common form, the parties in interest were not notified; but we do not see that the principle is different. In this case, although the plaintiff, the sole party in interest, had notice of the proceeding for the probate of the will and the granting of letters testamentary or of administration as an incident thereto and was present and took part in that proceeding to the extent of objecting to the will and of claiming his right, as next of kin, to administer upon the estate, yet a court of probate must necessarily act upon different grounds in appointing an administrator with the will annexed from what it would in appointing an administrator upon an intestate estate. In the latter case, a widow or next of kin, being suitable persons, have the right to the administration. Pub. Stat. R. I. cap. 184, § 4; *Johnson* v. *Johnson,* 15 R. I. 109; *Murray* v. *Angell,* 16 R. I. 692. But this right cannot be considered where the estate appears to be testate and not intestate. For this reason we think that the next of kin should not be precluded from his right to administer by reason of the finding by the court of probate that there was a will, when it ultimately turns out that there was no will. We think this is a sufficient reason to support the opinion that the office of administrator with will annexed ceases when the will is set aside, in the same way that the office of an executor would cease. Objection to the appointment of Bates is also made by the plaintiff on the ground that

the executors named in the will did not give notice in writing of their refusal of the executorship as provided in Pub. Stat. R. I. cap. 183, § 4. Such a provision is evidently directory. If an executor neglects or refuses to file the writing he cannot be compelled to do so, and hence his failure to comply with the statute should not deprive the court of the power to act when such refusal has been clearly signified. Provisions requiring applications to be in writing were held by this court to be directory in *Robbins* v. *Taft*, 12 R. I. 67, and this one is so for a stronger reason. Moreover, the nominated executors are not here claiming their right nor does it appear that they have ever done so. The objection is without validity.

*Plea overruled.*

*Stephen A. Cooke & Louis L. Angell,* for plaintiff.
*John T. Blodgett,* for defendant.

