Mrs. S. M. Drew, Administratrix, v. VanZandt Jarvis.

No. 3143.   Decided November 19, 1919.

(216 S. W., 618.)

**1.—Administrator—Withdrawing Estate from Administration—Appeal—Bond.**

An administratrix was entitled to appeal without bond from a judgment withdrawing the estate from administration on application of the guardian of the estates of the sole heirs. Such appeal was in her fiduciary capacity. (P. 144).

**2.—Same—Pleading.**

Pleadings by an administratrix, in reply to an application made as guardian of the estates of the heirs (minors) to withdraw the estate from administration, which showed unfinished business (pending law-suits) making its continuance proper, and also invalidity of the alleged appointment of the guardian disentitling him to receive the estate, presented issues making resistance to the application a duty of the administratrix as such, and not assertion of a mere personal interest. (P. 144).

**3.—Guardian—Appointment—Appeal—Judgment Record.**

A guardian for estates of minors was appointed in the County Court, and the application of another refused. The latter appealed and in the District Court the entry on the docket denied her application for guardianship and confirmed the appointment made by the County Court. But the judgment as entered on the minutes showed only the refusal of letters to appellant, and not appointment or confirmation of appellee as guardian. In another proceeding brought by such appellee as guardian and where the validity of his appointment was attacked, it is held that such appointment was vacated by appeal to the District Court; that absolute verity attached to the Judgment of the District Court as it appeared on the minutes, and it could not be varied or controlled by the docket entry unless and until that court should correct its minutes. Till this was done the County Court appointment stood suspended by the appeal. (Pp. 144, 145).

**4.—Withdrawal from Administration—Jurisdiction—Pleading.**

The County Court was not without jurisdiction of an application by the guardian of the estates of minor heirs to withdraw the estate of decedent from administration, though such guardian, by mistake, described himself in the application as guardian of the persons. (P. 145).

**5.—Probate Court—Appeal—Amendment.**

On appeal from the County to the District Court in a probate matter, the latter court, the trial being *de novo*, may permit any amendment of the pleadings which would be admissible had the case been one commenced in the District Court. (P. 145).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

*Simpson & Estes* and *Ocie Speer*, for appellant.—Jurisdiction of the subject-matter and of the person is at all times determined by the pleadings in the case save only where such allegations are specially attacked for fraud as having been made to confer jurisdiction. Ablowich v. Bank, 67 S. W., 881; Watson v. Baker, 2 S. W., 375; Beauchamp v. Parish, 148 S. W., 333.

The pleadings of the administratrix herein tender such an issue that she may appeal from an adverse decision without bond and the Court of Civil Appeals erred in dismissing her appeal. Rev. Stats., arts. 4299, 4295. 3638; Garrett v. Garrett, 47 S. W., 76: Houston v. Mayes, 77 Texas, 265; Callaghan v. Grenet, 66 Texas, 236; Wiren v. Nesbitt, 85 Texas, 286; Marshall v. Stubbs, 106 S. W., 129.

*Slay, Simon & Smith* and *Flournoy, Smith & Storer*, for appellees.—No party to a suit can appeal unless he has a financial interest in the matter in controversy: Baughn v. McKee, 124 S. W., 732; Coupland v. Tullar, 21 Texas, 524; Davenport v. Hervey, 30 Texas, 326; Texas Land & Inv. Co. v. Kennedy, 123 S. W., 150; Hawley v. Whittaker, 33 S. W., 688; Sharp v. Johnson, 127 S. W., 837; Alamo Ice Co. v. Yancey, 66 Texas, 187; Durst v. Lewis, Dallam, 546: First Natl. Bank v. Smith, 183 S. W., 865; Stratton v. Westchester Fire Ins. Co., 182 S. W., 5; 3 Corpus Juris, 623.

Mrs. Drew as administratrix, has no appealable interest in the matter of withdrawing estates from administration. Houston v. Mayes, 66 Texas, 298; Harris v. McClure, 25 S. W., 1095; In re Williams Estate (Cal.), 54 Pac., 386; Dewars Estate (Mont.), 25 Pac., 1025; Grabill v. Plummer (Md.), 51 Atl., 823; Virden v. Hubbard (Colo.), 86 Pac., 113; In re Stilphen (Me.), 60 Atl., 889; Sherer v. Sherer (Me.), 44 Atl., 899; Bryant v. Thompson, 128 N. Y., 426, 28 N. E., 522, 13 L. R. A., 745; Note, 13 L. R. A., 745; Note 99, 3 Corpus Juris.

There is no substantial difference between art. 3631, allowing "any person who may consider himself aggrieved, etc., to appeal," and the general run of statutes which provide that any person "aggrieved" may appeal. In all cases the party appealing must have an appealable interest before he can appeal. Davenport v. Hervey, 30 Texas, 326; Coupland v. Tullar, 21 Texas, 525.

It is apparent from the provisions of chapter 14, that the intention of the Legislature was that the filing of the bond, after it had been approved, immediately terminated the administration, and it is contrary to the evident legislative intent that the purpose of the act should be defeated by an appeal.

The words selected by the Legislature to express their meaning in this statute, are strong words indicative of the desire to immediately terminate the administration and place the property in the hands of those entitled to it, and are entirely inconsistent with the long delay that necessarily follows as the result of allowing an appeal.

This act is so similar to the provision of our statute for preventing administrations, that the conclusion is irresistible that both statutes had the same purpose in view, viz: to stop an administration and to immediatelty put the property in possession of its owners.

The validity of the judgment in the 17th District Court confirming VanZandt Jarvis' appointment as guardian of the estates of Ella Louise Moore and Mary Davis Moore, as shown in the docket entry of that court, was not affected by the omission of the clerk to carry forward that portion of the judgment into the minutes of the court. Coleman v. Zapp, 105 Texas, 491; Land & Loan Co. v. Winter, 93 Texas, 560; Watson v. Chappell, 48 S. W., 625.

If art. 3219, Vernon's Statutes, is applicable to the judgment rendered in the 17th District Court, the entry on the judge's docket confirming Jarvis' appointment, being a record authorized and recognized by law, was a sufficient compliance with that statute. Art. 3219, Vernon's Statutes; Cordova v. Rogers, 97 Texas, 60; West v. Keeton, 42 S. W., 1036; Alexander v. Barton, 71 S. W., 72; Trotti v. Kinnear, 144 S. W., 327.

The judgment of the 17th District Court, in Mrs. Mansfield's appeal, even as written up in the minutes of that court, was sufficient to show the termination of the appeal and since the appeal did not vacate the order of the County Court appointing VanZandt Jarvis, but merely suspended it pending the appeal, the said judgment of the District Court, as written in the minutes, was valid and sufficient to show that VanZandt Jarvis was the guardian of the estates of said minors. Stewart v. O'Neal, 150 C. C. A., 547; Rev. Stats. Art. 4296.

The County Court of Tarrant County having acquired jurisdiction by virtue of the State Constitution over the subject-matter, by ap-

pointing the administratrix and through her taking actual possession of the property of the estate, and having acquired jurisdiction of the parties by service of proper citation and the personal appearance in court of the administratrix and by the personal appearance in court of Jarvis as guardian of the estates of the minor heirs and the actual tender by him to the court as guardian of the estates of said minors of the withdrawal bond, the court had jurisdiction to make the order in question even though the application was defective and subject to general demurrer. On jurisdiction over subject-matter of County Court after administration proceedings have been begun: Art. V, sec. 16, State Constitution; Reems v. Masterson, 80 Texas, 45; Pelham v. Murray, 64 Texas, 477; Heath v. Layne, 62 Texas, 686; Wallace v. Turner, 89 S. W. 433; Murchison v. White, 54 Texas, 83; Taffinder v. Murrell, 95 Texas, 83; Wilkins v. Simmons, 151 S. W., 1145.

Even in proceedings *in personam,* a petition subject to general demurrer is sufficient to invoke the jurisdiction of the court: Moore v. Perry, 35 S. W., 839; Reems v. Masterson, 80 Texas, 55; Fischer v. Langbien, 103 N. Y., 84; Hunt v. Hunt, 72 N. Y., 217, 28 Am. Rep., 129; Coddington v. Canady, 157 Ind., 243, 61 N. E., 570; State v. Smith (R. I.), 72 Atl., 714; O'Brien v. People, 216 Ill., 354, 75 N. E., 108; Rood v. Hurd, 41 Conn., 321; Winningham v. Trueblood, 149 Mo., 572, 51 S. W., 399; Crane v. Cummings, 137 Cal., 201, 69 Pac. 984. An answer to which a general demurrer has been sustained gives jurisdiction over the party so answering: Brooks v. Chatham, 57 Texas, 34.

In an appeal from the County Court to the District Court, the trial is *de novo* and the latter court has the same power to permit amendment that the County Court had, even to the extent of dismissing an original applicant and substituting an entirely new and different person as applicant, and it follows that, if the appeal to the District Court was possible, Jarvis could amend in the District Court, alleging his capacity as guardian of the estates of the minors. Elwell v. General Convention, 76 Texas, 514; Marshall v. Stubbs, 106 S. W., 435; Harrell v. Traweek, 108 S. W., 1021; Phelps v. Ashton, 30 Texas, 345.

On motion to dismiss for want of jurisdiction the court may, if necessary, look to the statement of facts, and should do so rather than delay the case. State v. Judges' Fifth Circuit, 45 La. Ann., 883. 13 So., 2; Indianapolis v. Thompson Mfg. Co. (Ind. App.), 82 N. E. Rep., 40, s. c. 81. N. E., 1156: Semple v. Hager, 71 U. S., 421, 18 L. Ed. 402; Grey v. Brennan, 147 Cal., 355, 81 Pac., 1014; Lockhaven Trust, Etc. v. U. S. Mort. Co., 19 Colo. App., 28, 17 Pac., 400.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Questions certified from the Court of Civil Appeals of the Second Supreme Judicial District of Texas, in an appeal from the District Court of Tarrant County.

The certificate of the Honorable Court of Civil Appeals is as follows:

"To the Honorable Supreme Court of Texas:

"Mrs. S. M. Drew, administratrix of the estate of Mrs. Willie Mae Jackson, deceased, appealed without bond, from a judgment of the District Court withdrawing the estate from administration. Appellee, guardian of the person and of the estates of the minors, Ella Louise and Mary Davis Moore, the only heirs of their mother, Mrs. Jackson, filed in this court a motion to dismiss the appeal, on the stated ground that as an administratrix the appellant had no appealable interest in the controversy, and that, having failed to give an appeal bond, she could not prosecute the appeal in her personal capacity. This court sustained appellee's motion to dismiss the appeal, as shown by the opinion filed herein. The cause is now pending in this court on appellant's motion for rehearing. The members of this court are not entirely agreed as to the proper action to be taken on said motion. The majority, consisting of Associate Justices Dunklin and Buck, are of the opinion that the motion for rehearing should be overruled, while Chief Justice Conner is inclined to the opinion that it should be granted. Because of this dissent, and because we deem it advisable to do so, we hereby certify to your Honors the questions hereinafter set out.

"Mrs. Drew was appointed administratrix of the estates by the County Court, sitting as a probate court, July 6, 1916. After filing her bond, duly approved, and taking the oath, she entered upon the discharge of her duties. On July 6, 1917, Van Zandt Jarvis, appellee herein, filed his application to withdraw the estate from administration, which application described the applicant as "the legally appointed, qualified and acting guardian of the persons of the minors, Ella Louise and Mary Davis Moore, who are the only heirs at law of Willie Mae Jackson, deceased, and entitled to the whole of her estate." Citation thereupon was issued, returnable to the next term of court, to the administratrix to make a report showing the condition of the said estate. At said next term of court the administratrix filed her exhibit and answered, first by general demurrer, and by special plea that the estate showed a vast amount of unfinished business in the nature of law suits, etc., and that to grant the relief prayed for by application would result in serious financial loss to the estate. Whereupon she prayed that the application be denied. The court overruled the demurrer and entered an order withdrawing the estate from administration. In this order and judgment it is re-

cited that the minors mentioned are the only children and heirs of deceased and are entitled to the whole of the estate, and that Jarvis is the duly appointed, qualified and acting guardian of the estates of said minors, "under appointment by this court." Said order further recites that a bond had been given by said Jarvis as guardian of the estates of the said minors and by the court duly approved and ordered filed, and the bond itself describes Jarvis as the guardian of the estates. From this order and judgment the plaintiff appealed to the 67th District Court where a trial was had *de novo*. In the latter court the administratrix attacked the *status* of Jarvis as the guardian of the estates, alleging that the application filed by Jarvis in the County Court was only in the stated capacity as guardian of the persons of the minors and that as guardian of the persons only the applicant did not show himself to be entitled to withdraw the estates from administration.

"It was further alleged that theretofore, on to-wit, July 6, 1916, the County Court of Tarrant county sitting in probate, made an order appointing Jarvis guardian of the estates of said minors, but that one Mrs. Lula Mansfield contested the application of Jarvis to be appointed guardian of the estates and regularly and lawfully gave notice of an appeal from the order and judgment of the court appointing Jarvis, and did appeal from such decree to the 17th District Court of Tarrant County, executing proper appeal bond within the required time, and in all things complied with the law as to such an appeal. That thereby the order and judgment of the County Court was superseded, nullified and destroyed. That said 17th District Court never made an order, decree or decision in any respect whatever appointing Jarvis guardian of the estates of said minors and that no order or judgment was entered of record disposing of the appeal of Mrs. Mansfield.

"In the 67th District Court Jarvis amended his application alleging that by inadvertence or error in his application to withdraw the estates as originally filed in the county court, he had described himself only as the guardian of the persons of the minors but that he was also the guardian of the estates of said minors, in which latter capacity he desired to further prosecute the application.

"The statement of facts discloses that Jarvis was appointed temporary guardian of the persons and estates of said minors on May 3, 1916, and on July 6th thereafter was appointed guardian of both the persons and the estates of said minors, and thereafter he duly qualified. Mrs. Mansfield appealed, as before stated, to the 17th District Court where an entry was made on the docket of date December 8, 1916, denying the application of Mrs. Mansfield and confirming the appointment of Jarvis, and Mrs. Mansfield excepted and gave notice of appeal to this court. That part of the order and judgment denying the application of Mrs. Mansfield to be appointed

guardian of the estates was entered on the minutes of the court but not that portion of the judgment confirming the appointment of Jarvis. Later an application of Jarvis to enter a judgment in the minutes of the court *nunc pro tunc* so as to conform to the docket entry was made and Mrs. Mansfield, through her attorney, waived service of said motion. It does not appear that said motion was granted or that the said amended judgment was ever carried into the minutes of said 17th District Court.

"Appellant urges error in the action of this court in sustaining appellee's motion to dismiss the appeal on several grounds, among which are:

"(1) That appellee did not in his application to the County Court show himself entitled, under Article 3384, Vernon's Sayles' Tex. Civ. Stat., to the relief prayed for; that in said application he did not show himself to be the heir, devisee, legatee or the guardian of the estates of the minors, and that said Article in using the term guardian evidently intended it to mean guardian of the estates. That only such persons as are mentioned in said Article are entitled to withdraw an estate from administration and that the capacity of the applicant is a jurisdictional fact and must be alleged in the application in order to give the probate court jurisdiction.

"(2) That Jarvis was not, in fact, the guardian of the estates of the minors at the time of his application, because of the appeal of the contestant, Mrs. Mansfield, to the 17th District Court; that no final judgment ever having been recorded in the minutes of said court appointing Jarvis guardian of the estates, and by reason of the appeal, the judgment of the County Court appointing him guardian of the estates was rendered an absolute nullity.

"(3) That irrespective of other reasons offered, appellant is entitled to prosecute this appeal without bond and in the capacity of administratrix in order for the appellate court to determine whether or not Jarvis is, in fact, the guardian of the estates of the minors.

"It will be noted that in the application of Jarvis to withdraw the estates from administration, it is alleged that the only creditors or those having claims against said estates join in said application. The truth of this allegation does not seem to be seriously questioned by appellant. At least no creditor, so far as the record disclosed, objected to the appointment of Jarvis as the guardian of the estates, neither did any such seek to intervene at any stage of the proceeding. With the foregoing statements of the case and the issues involved, this court certifies to your Honors the following questions:

"(1) If the regularity of the appointment of Jarvis as guardian of the estates of the minors be conceded, has appellant shown herself entitled to appeal as administratrix without bond?

"(2) Did the failure to enter on the minutes of the 17th District Court that portion of the docket entry of its judgment confirming the appointment of said Jarvis as guardian of the estates, or the failure of the record to show that the District Court certified said order to the County Court, affect the validity of such judgment? ·

"(3) Did the County Court have jurisdiction, under the allegation of appellee's application, to entertain said application and .to grant the relief prayed for, if as a matter of fact, as found by the County Court, Jarvis was the duly appointed guardian of the estates of the minors?

"(4) If it should be held that the County Court did not have jurisdiction because of the failure of the applicant to describe himself as the guardian of the estates, did the District Court err in permitting an amended application in which Jarvis was properly described as the guardian of the estates?

"(5) Is this court limited to the pleadings of the parties and the judgment record in order to determine its jurisdiction to entertain this appeal, or may it refer to the statement of facts for such information therein contained as may shed light upon the question involved?

"(6) Do the pleadings of the administratrix herein tender such an issue, that she may appeal without bond from the judgment of the District Court?

"The majority of this court are of the opinion that, De Cordova v. Rogers, 97 Texas, 60, 75 S. W., 16; West v. Keeton, 17 Texas Civ. App., 139 42 S. W., 1036; Alexander v. Barton, 71 S. W., 72; Trotti v. Kinnear, 144 S. W., 327; Coleman v. Zapp, 105 Texas, 491, 151 S. W., 1040; Watson v. Chappell, 19 Texas Civ. App., 685, 48 S. W., 624, and other decisions are authority for the conclusion that the entry of the judgment on the docket constituted a compliance with Article 3219, Vernon's Sayles' Texas Civil Statutes, which is as follows:

'All such decisions, orders, decrees and judgments shall be entered on the records of the court during the term at which the same are rendered; and any such decree, order, decision or judgment shall be a nullity unless entered of record.'

"By Article 4051 of the Statutes this provision is made to apply to guardianship proceedings. And the majority are further of the opinion that under the authorities cited that a judgment entered on the docket would have the force and the effect of a judgment "entered of record," even though· such docket entry was made in the District Court trying *de novo* a probate proceeding appealed from the County Court.

"The majority, at least, are of the opinion that the District Court did not err in permitting the appellee to amend his petition as to the capacity in which he sued. We rely, in part, on the authority of the following cases: Marshall v. Stubbs, 48 Texas, Civ. App., 158, 106 S. W., 435; Harrell v. Traweek, 49 Texas, Civ. App., 417, 108 S. W., 1021; Phelps v. Ashton, 30 Texas, 345; Elwell v. Universalist General Convention, 76 Texas, 514, 13 S. W., 552."

We answer questions (1) and (6) in the affirmative.

It is the statutory duty of the administrator of the estate of a deceased person "to recover possession of and hold such esate in trust to be disposed of in accordance with law." Art. 3235, Vernon's Sayles' Texas Civil Statutes. It is as much the administrator's duty to withhold the estate from one not lawfully entitled to receive it, as it is his duty to surrender the estate, whenever the administration may be closed, to those entitled thereto. The proceeding to withdraw the estate from administration was of vital concern to the beneficiaries of appellant's trust, and she had the same right to invoke the exercise of appellate jurisdiction, in her fiduciary capacity, as to defend in the County Court. Appellant was before the appellate courts, as the representative of the estate, and no bond was requisite to perfect the appeals. Huddleston v. Kempner, 87 Texas, 373, 28 S. W., 936.

The cases of Houston v. Mayes, 66 Texas, 297, 17 S. W., 729, and Houston v. Mayes, 77 Texas, 265, 13 S. W., 1036, are decisive against the contention that an administrator is not entitled to appeal from an order withdrawing his intestate's estate from administration. In both cases the Supreme Court entertained such appeals and determined them on their merits. In the latter case, one of the determinative holdings was that the appeal from the order withdrawing the estate from administration, though prosecuted by the administrator, had the legal effect to vacate the order pending the appeal, so that property coming into the administrator's hands, after the order of withdrawal and before the appeal was finally determined, could not be recovered by an action against the administrator in the District Court, but must be accounted for in the probate court.

Answering Question (2), we are of opinion that absolute verity attaches to the judgment of the District Court, as it appears on the minutes, and that the judgment entry on the minutes cannot be varied or controlled by what appears on the docket, unless and until the District Court shall itself correct the minutes, in the exercise of unquestionable power to make same disclose the very truth with respect to the judgment rendered. Weaver v. Vandervanter, 84 Texas, 693; 19 S. W., 889; Coleman v. Zapp, 105 Texas, 493, 151 S. W., 1040.

It was certainly the duty of the County Court to enter upon its minutes, as its judgment, that which appears on the minutes of the District Court as the judgment rendered on the appeal from the order appointing the guardian, and thereby such order is as effectually vacated, at least so far as its future operation is concerned, as though it had never been rendered. Article 4297, Vernon's Sayles' Texas Civil Statutes. It follows that the order of the County Court can no longer be looked to as a source of authority by appellee, and the judgment on the minutes of the District Court is insufficient to sustain a judgment ordering the estate withdrawn from administration and delivered to appellee.

We answer to questions (3) and (4) that the defects in the original application did not deprive the County Court of its jurisdiction to determine whether the estate should be withdrawn from administration, and to whom it should be delivered, if withdrawn.

We think it appears from the record that appellee was before the County Court in his capacity as guardian of the estate as well as of the person of the minors, seeking an order of delivery to the guardian of the minors' estate, by whom alone, as principal, the bond required by article 3385 was executed. The defects with respect to a formal or proper application in behalf of appellee as guardian of the estate of the minors being curable, by amendment or other new pleading, in the proceeding when pending in the County Court, they could be cured in like manner in the District Court. Elwell and Heist v. Universalist General Convention, 76 Texas, 518; 13 S. W., 552, Newton v. Newton, 61 Texas, 512; Arredondo v. Arredondo, 25 S. W., 336; Harrell v. Traweek, 49 Texas, Civ. App., 417, 108 S. W., 1022.

In McLane v. Paschal, 62 Texas, 104, the contention was rejected that parties could raise no new issues on trials *de novo* on appeals in probate matters to the District Court. In holding, in the case cited, that the trial court erred in striking out an amended answer, the Court, per Chief Justice Willie, said: "The only test of the propriety of the amendment was: Would it have been admitted in a cause originally commenced in the District Court?"

The above declaration is but an application of the decision that in probate matters "on appeal, the District Court may do in the given case whatever the County Court could have done." Vance v. Upson, 64 Texas, 268.

What has already been said renders it unnecessary for us to make a specific answer to question (5).