## CAVANAUGH et al. v. CAVANAUGH et al. (No. 2091.)

(Court of Civil Appeals of Texas. Amarillo. March 7, 1923.)

Executors and administrators ⬠31—Appointment of administrator with will annexed held revoked by implication by judgment of district court setting probate aside.

Where the county court admitted a will to probate and appointed an administrator with will annexed, and on appeal to the district court the will was set aside and the probate thereof annulled, but the appointment of the administrator was not expressly vacated, held, in view of Rev. St. 1911, art. 3638, requiring appeals to the district court to be tried de novo, that the judgment of the county court was superseded, and that the appointment of the administrator with will annexed was revoked by implication.

Appeal from District Court, Armstrong County; Henry S. Bishop, Judge.

Suit by William Stephen Cavanaugh and others against Joseph Cavanaugh and others, for partition. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Joseph H. Aynesworth and J. L. Lackey, both of Wichita Falls, for appellants.

C. E. Gustavus and Underwood & Jackson, all of Amarillo, and J. S. Stallings, of Claude, for appellees.

KLETT, J. This is an appeal from the order of the district court of Armstrong county dismissing for want of jurisdiction the suit of appellants, William Stephen Cavanaugh and others, filed against appellees, Joseph Cavanaugh, and others, seeking partition of the estate of Jerry Cavanaugh, deceased, it being alleged by defendant's plea in abatement that the district court is without jurisdiction for the reason that the probate court of Armstrong county has jurisdiction of the estate of Jerry Cavanaugh, deceased, by virtue of the appointment of Joseph Cavanaugh, as administrator with the will annexed. The application of appellees for the probate of the will of Jerry Cavanaugh, deceased, and for the appointment of an administrator c. t. a., was contested by appellants on the ground of mental incapacity and undue influence but the county court probated the will and appointed said Joseph Cavanaugh administrator with will annexed. There were several proceedings instituted in the county court, and from the judgment rendered in the last one of them there was an appeal to the district court, where the probate of the will was annulled. For fuller statement see Cavanaugh v. Cavanaugh (Tex. Civ. App.) 238 S. W. 1019. In the statement of facts before us only two judgments were introduced in evidence, one rendered in the county court and one in the district court, which we shall presently note. The district court judgment did not expressly vacate the appointment of the administrator, and the question presented by this appeal is whether or not the district court of Armstrong county has jurisdiction to partition the estate mentioned among the owners thereof.

The county court decree, as shown in the statement of facts, is dated April 12, 1917, and is recorded in volume 2, p. 399 et seq., of the probate minutes of Armstrong county. That part of the decree containing the judicial pronouncement of the court reads as follows:

"It is therefore ordered, adjudged, and decreed by the court that the contestants, Mrs. Katie Samples and her husband, W. A. Samples, take nothing by this suit, and that the will of Jerry Cavanaugh, deceased, filed herein, be, and the same is hereby, admitted to probate and record in this court as the last will and testament of Jerry Cavanaugh, deceased. And the clerk of this court shall record said will, together with the order of probate by the probate court of Jefferson county, Kan., in the minutes of this court. It is further ordered by the court that Joseph Cavanaugh be, and he is hereby, appointed administrator with will annexed of the estate of Jerry Cavanaugh, deceased. The clerk of this court shall issue letters to him upon his taking the oath required by law and giving bond, conditioned and payable as provided by law, in the sum of $30,000."

---

From an inspection of the facts reported in the decision rendered on the former appeal to this court, it appears that after the above county court judgment was entered the appellants herein then instituted in the county court a "bill of review," charging, among other things, that "they were not legally cited and did not appeal in said cause," and stating that they "seek by this bill of review to open up said cause so that they may be heard." The judgment then rendered in the county court in the "bill of review" proceeding is not shown, but the district court judgment rendered on appeal is shown. From the record before us we believe we may assume that the whole probate proceeding was opened up for trial de novo. That part of the district court judgment pronouncing the decree of the court reads as follows:

"It is therefore, considered, ordered, adjudged, and decreed by the court that the said purported will of Jerry Cavanaugh, deceased, dated December 16, 1916, a copy of which is set out and marked Exhibit A, in plaintiff's original petition, filed herein on the 24th day of November, 1920, be canceled, annulled, and held for naught, and that each and every provision therein be, and the same is hereby, set aside, canceled, and annulled, and that the plaintiffs herein have judgment against the defendants for all costs in this behalf expended, both in this court and in the county court, from which this case was appealed, and for all of which let execution issue. It is further ordered, adjudged, and decreed by the court that the probate of the will of said Jerry Cavanaugh, deceased, as the same appears to have been probated on the 12th day of April, 1917, appearing upon the minutes of the probate court of Armstrong county, Tex., in volume 2, p. 399 et seq., be set aside, canceled, annulled, and held for naught, and that the probate of said will in the probate court of Jefferson county in the state of Kansas, in so far as it purports to affect and determine any issue relative to the estate of the said Jerry Cavanaugh, deceased, in the state of Texas, be set aside, canceled, annulled, and held for naught."

Our judgment is that the record fails to show that the probate court had jurisdiction of the estate in controversy when the plea in abatement was filed in the district court. Although there was a finding in the county court judgment to the effect that there was a necessity for administration, the court did not judicially award administration, but merely probated the will and appointed an administrator with the will annexed. In the absence of pleadings and proof to the contrary, it is a reasonable inference that, when the case was appealed to the district court, where the will was annulled, and no administration granted, the appointment of an administrator with the will annexed was revoked by implication. Waggoner v. Knight (Tex. Com. App.) 231 S. W. 357; Kilton v. Anderson, 18 R. I. 136, 25 Atl. 907, 49 Am. St. Rep. 751; Smith

v. Stockbridge; 39 Md. 640; 23 C. J. 1095, § 261.

In Kilton v. Anderson, supra, the Supreme Court of Rhode Island said, in a very similar case:

"The question therefore is whether Caleb G. Bates, administrator with will annexed, continued to be the administrator upon the estate after the will was set aside. In Scott v. Monks, 16 R. I. 225, 14 Atl. 860, it is stated that for all general purposes of administration an administrator with will annexed is simply an executor under another name. Consequently his powers and tenure of office cannot be more extensive than those of an executor. There can be no question that the office of an executor ceases upon the setting aside of the will under which he acts and it follows that the office of an administrator with will annexed must cease under the same circumstances. The only decided case upon this point, of which we are aware, is Smith v. Stockbridge, 39 Md. 640, where it is held that if a will is void, the administration granted with the will annexed, upon an ex parte application, must also be void."

In 23 C. J. 1095, § 261, it is said:

"The office of an executor ceases when the will is judicially declared invalid and set aside, notwithstanding an appeal from the order revoking probate; and the same has been held true of an administrator with the will annexed."

Even though the District Court judgment does not expressly or impliedly deny administration, or annul the office of administrator, we are nevertheless of the opinion that the county court judgment quoted from is not sufficient to prove the existence of administration pending on the estate for the reason that the latter judgment was opened, as evidenced by the new hearing, and the subsequent judgment, if any, superseded by an appeal to the District Court, where the cause had to be tried de novo. Article 3638, R. C. S.; Callaghan v. Grenet, 66 Tex. 237, 18 S. W. 507; Wiren v. Nesbitt, 85 Tex. 286, 20 S. W. 128; Earl v. Mundy (Tex. Civ. App.) 227 S. W. 716 (writ refused); Goldstein v. Susholtz, 46 Tex. Civ. App. 582, 105 S. W. 219 (writ refused); Drew v. Jarvis, 110 Tex. 136, 216 S. W. 618; Elwall v. Universalist General Convention, 76 Tex. 514, 13 S. W. 552. In Callaghan v. Grenet, supra, the Supreme Court of Texas said:

"That the appeal from the judgment of the county judge vacated that entire judgment, and the case stood in the district court for trial de novo, both upon the justice of the claim and the rank to which it was entitled. The order of the judge was indivisible. It could be appealed from as a whole, and the appellant had no right to say that he would accept it so far as it was favorable, but contest it in such respects as it was not."

Therefore, in our opinion, the county court judgment finally rendered having been su-

perseded by the appeal, and there being nothing in the district court judgment showing the grant of administration, and there being no attack upon the verity or finality of the district court judgment, the appellees' plea in abatement must fail for want of evidence to sustain it. Drew v. Jarvis, 110 Tex. 136, 216 S. W. 618.

Accordingly the judgment of the trial court is reversed, and the cause remanded.