Joe H. MIRCOVICH, Appellant,

v.

Gilbert J. MIRCOVICH, et al., Appellees.

No. 13-85-191-CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 19, 1985.

William F. Burnett, John H. Miller, Sinton, for appellant.

Lola L. Bonner, Rockport, for appellees.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is a will contest. Appellant, Joe H. Mircovich, contested the probate of his mother's will, alleging that she lacked testamentary capacity and that the will was the product of undue influence. His eight brothers and sisters, the executor and beneficiaries of the will, were named defendants. From an adverse ruling in the County Court of San Patricio County, appellant appealed to the district court. After a trial, the judge presented a single issue to the jury, asking whether Rosa Boeckle Mircovich lacked testamentary capacity at the time of execution. The issue included an instruction to the jury that either an "insane delusion" as defined or a lack of mental ability to make a will under the definition approved in *Reynolds v. Park*, 485 S.W.2d 807, 812 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.), would destroy testamentary capacity. The jury found that the deceased lacked testamentary capacity. The trial court, however, granted the appellees' motion for judgment notwithstanding the verdict. We reverse the trial court and render judgment for appellant.

Appellant's first point of error goes to the trial court's entry of judgment non obstante veredicto. The following well-settled rules of law govern review of such a judgment. Generally, the jury is the sole judge of the credibility of witnesses and the weight to be given their testimony. *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547, 549 (1962); *Miles v. Royal Indemnity Co.*, 589 S.W.2d 725, 728 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). A trial court may render judgment non obstante veredicto if a directed verdict would have been proper. TEX.R.CIV.P. 301. To sustain the action of the trial court in granting a judgment non obstante veredicto, it must be found that no evidence exists in the record to support the jury's findings. In keeping with the "no evidence" standard of review, we review the entire record in the light most favorable to the jury's verdict and indulge every reasonable inference from the evidence that will support it. All contrary evidence and inferences must be rejected. *Dodd v. Texas Farm Products Co.*, 576 S.W.2d 812, 814 (Tex.1979); *Genzer v. City of Mission*, 666 S.W.2d 116, 119 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); *Miles v. Royal Indemnity Co.*, 581 S.W.2d at 728.

Here, the record supports the jury's finding. Appellant's theory was that, due to a lack of mental ability or some insane delusion, his mother lacked testamentary capacity to make a will on February 28, 1966. The will specifically excluded him as a residual beneficiary because, as stated by the testatrix, she had bequeathed to him earlier in the will her interest in the shrimp boats *Mister M* and *Baby M*. Appellant, on the other hand, testified that he was the sole owner of the *Mister M* and the *Baby M*, and that his mother knew that he had bought out his father's interest in those vessels. Appellant further testified that, during the time in which her purported will was executed, his mother was depressed, "slept a lot," did not want to be bothered, could not make decisions or keep figures in her mind, and could not handle pressure.

A.F. Tasch, M.D., a psychiatrist, testified that the decedent probably had some organic brain damage, based on the assumptions that she did not own the shrimp boats in question, had left them off the inventory of her husband's estate when she acted as independent executrix, but then gave the appellant the boats in her will and left him out of the rest of her estate because of that attempted bequest. He further stated that she probably had a delusion about who owned the boats.

William F. Mircovich, appellant's brother and a named defendant in this action, testified that his mother was unable to drive, that she never came to visit him despite his living only "a couple hundred yards" away, that she was depressed most of the time after his father's death, including the time she "wrote this will," that she seemed to be unable to make decisions, and that she had equal affection for all her kids. He testified that it was common family knowledge that appellant owned the *Mister M* and the *Baby M*, that his mother's memory was poor during the time in question, and that, in his opinion, she attempted to bequeath the two boats to appellant because she probably forgot who owned them. He also testified that his sisters strongly opposed appellant's receiving anything of his mother's estate and that, after his father's will was probated (the same date as the contested will was executed), his sister and brother-in-law said that they had "fixed" appellant.

David Mircovich, another of appellant's brothers and also a named defendant in this action, testified that his mother was "real depressed" and frequently slept during the day after his father's death. He stated that everyone in the family knew "who owned what," that he was positive his mother knew appellant owned the two shrimp boats, and that his mother loved all nine children equally and he did not think "she would have in any way, form or fashion left any one of the nine children out of her Will." He testified that "she was not aware of what she was signing in her Will."

Ora Lee Mircovich, appellant's wife, testified that she visited quite often with the deceased, that her mother-in-law had sustained a nervous breakdown in about 1963 and had to be hospitalized, and that she never visited her mother-in-law after that without finding her asleep. She testified that, at the time the will was executed, the deceased was not capable of understanding the business in which she was engaged, and that she did not understand or care about the nature and extent of her property.

 Appellee argues, citing *Kirkpatrick v. Raggio,* 319 S.W.2d 362 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n.r.e.), and *Walter v. Goeth,* 177 S.W.2d 794 (Tex.Civ.App.—San Antonio 1944, writ ref'd w.o.m.), that the evidence is "legally insufficient" to support the jury's finding of no testamentary capacity. "Legally insufficient" evidence in the context of an appeal from a judgment non obstante veredicto means only that the appellee failed to raise more than a mere surmise or suspicion of evidence on an issue. Where there is direct evidence of a fact, this "scintilla" rule does not apply. *Lucas v. Hartford Accident & Indemnity Co.,* 552 S.W.2d 796, 797 (Tex. 1977). Here, appellant put on abundant direct evidence that the deceased lacked testamentary capacity. This made the trial court's judgment non obstante veredicto erroneous. Appellant's first point of error is sustained, and the jury's verdict that the testatrix lacked testamentary capacity is reinstated.

Appellant asserts in his second point of error that the trial court erred in continuing the probate of the will of Rosa Beockle Mircovich. He also prays that the will and the order admitting it to probate be set aside, that Rosa Boeckle Mircovich be declared to have died intestate, that the letters testamentary issued to Gilbert John Mircovich be cancelled, that any estate of the deceased be surrendered, and for costs. The jury's verdict of no testamentary capacity invalidated the will. *See Green v. Goans,* 458 S.W.2d 705, 708 (Tex.Civ.App.—El Paso 1970, writ ref'd n.r.e.). It fol-

lows that the letters testamentary issued by authority of that will should be set aside. *See Cavanaugh v. Cavanaugh,* 249 S.W. 264, 265 (Tex.Civ.App.—Amarillo 1923, no writ); *accord Fowler v. Fowler,* 87 S.W.2d 896, 897 (Tex.Civ.App.—Austin 1935, writ dism'd w.o.j.).

The judgment of the trial court is accordingly reversed and the cause remanded to the County Court of San Patricio County for proceedings consistent with this opinion.