## T. L. PIERCE, EXECUTOR, v. MALINDA FARRAR.

Decided March 19, 1910.

### 1.—Will—Contest—Parties—Married Women.

The contest of the probate of a will by the heirs of the testator is not that character of suit, within the contemplation of our statute and decisions, in which the wife must be joined by her husband. A married woman, an heir of the testator, may contest the probate of the will without the joinder of her husband.

### 2.—Same—Attorney and Client—Attorney may Testify.

The rule that communications between attorney and client are privileged does not apply to conversations between a testator and his attorney relating to the disposition of property when the will is attacked on the ground of undue influence by certain devisees.

### 3.—Trial—Improper Exclusion of Evidence—Practice.

When excluded testimony was material upon a controlling issue, unless the Appellate Court can say that the verdict would have been the same had the testimony been admitted, the judgment should be reversed and the cause remanded.

Appeal from the District Court of Hill County. Tried below before Hon. Earle McKee, Special Judge.

*Collins & Cummings* and *Morrow & Smithdeal,* for appellant.—The rule that communications between attorney and client are privileged does not apply to conversations between a testator and his attorney relating to the disposition of property when the will is attacked on the ground of undue influence. 23 Am. & Eng. Ency. Law, 76, and cases cited; Glover v. Patten, 165 U. S., 394; O'Brien v. Spalding, 66 Am. St. Rep., 202; Kern v. Kern, 154 Ind., 29; Winters v. Winters, 63 Am. St. Rep., 428; Layman's Case, 40 Minn., 371.

*Frazier & Shurtleff, James K. Parr* and *Vaughan & Hart,* for appellees.—The rule that communications between attorney and client are privileged applied to conversations between attorney and client wherever the relation of attorney and client exists and, the client is called upon to make disclosures to his attorney affecting the matters about which he is seeking advice. McKelvy on Evidence, 310; Vogel v. Gruaz, 110 U. S., 311; Loder v. Whelphley, 111 N. Y., 239; Gulf, C. & S. F. Ry. Co. v. Gibson, 42 Texas Civ. App.; 306; Fox v. Spears, 93 S. W., 561.

The conversations testified to by Malinda Farrar between herself and her father, Thomas Pierce, were original testimony tending to show the relations of the said Malinda Farrar to the father, Thomas

Pierce, and the relations of Thomas Pierce towards his other children, and were expressive of his feelings towards his children and the esteem in which he held them, and in so far as they expressed intentions in regard to a disposition of the property contrary to that contained in his will under controversy, were proper under the limitations placed thereon by the court in his charge to the jury.

TALBOT, Associate Justice.—The appellant filed in the County Court of Hill County, Texas, an application to probate the alleged will of Thomas Pierce, deceased. The probate of the will was contested by appellees on the grounds:   (1) That the said Thomas Pierce at the time of the making of the will was of unsound mind; (2) that the execution of said will was procured by the undue influence of appellant, T. L. Pierce, L. D. Pierce, Welburn Pierce and Wiley Pierce. From an order made in the County Court admitting the will to probate the contestants appealed to the District Court of said county, where a jury trial resulted in a verdict and judgment in favor of the contestants, denying the probate of said will on the ground that the execution thereof was procured by the undue influence of the parties above named. The proponent's motion for a new trial having been overruled he appealed the case to this court.

The first assignment of error and proposition thereunder, is to the effect, that the evidence is insufficient to support the finding that the will of Thomas Pierce was the result of undue influence on the part of the appellant and the other parties charged therewith. The testimony bearing upon the question is so very voluminous it is impracticable to set it out in this opinion. The judgment, in our opinion, must be reversed · and the cause remanded for a new trial, because of the exclusion of certain testimony offered by the appellant, which will hereafter be discussed, and it will suffice to say without further comment that the evidence introduced was sufficient to require the submission of the issue of undue influence to the jury for their determination. Goodloe v. Goodloe, 47 Texas Civ. App., 493 (105 S. W., 533); Gallagher v. Neilon, 121 S. W., 564; Stubbs v. Marshall, 54 Texas Civ. App., 526 (117 S. W., 1030).

Appellant's second assignment complains that the court erred in refusing to read to the jury his special charge directing the jury to return a verdict in his favor for the reasons:   (1) There was no evidence raising the issue of undue influence; (2) the contestants were married women and the evidence showed their husbands had not refused to join in the contest of the will. There was no error, for either of the reasons assigned, in refusing this charge. We have held in disposing of the first assignment of error that the evidence did raise an issue of undue influence, and the fact that contestants were married women and not joined in the contest by their respective husbands did not warrant the giving of said charge. The contest of the probate of a will by the heirs of the testator is not that character of suit, within the contemplation of our statute and decisions, in which the wife must be joined by her husband. Subdivision 4 of article 1889 of the Revised Statutes requires that when an application for the probate of a written will is filed, the clerk of the court shall

"cite all persons interested in the estate to appear at the time therein named and contest said application, should they desire to do so." Being a person interested in the estate, a married woman, we think, may maintain the contest authorized by this statute whether she is or is not joined therein by her husband. But in the present case appellees in their brief point out that the evidence shows that the husband of one of the contestants, Mrs. Spivey, refused to join her in the contest. This not only justified the court's action in refusing the charge under consideration, but required that such charge be refused. The right of the appellees to maintain the contest was in nowise altered or changed when the same reached the District Court.

In the trial of the case the proponent offered to prove by Judge W. C. Wear, after he had testified that on January 28, 1903, the date of the will, he was engaged in the practice of law as a member of the firm of Wear, Morrow & Smithdeal, that Thomas Pierce, before the preparation of his will, had told him that he wanted to make the will in the way it was made; that his sons-in-law and folks had given him trouble and that he wanted to fix the property so that practically all of it would go to the other children. This testimony was objected to by the contestants on the ground that at the time of said statement the relation of attorney and client existed between Judge Wear and Mr. Pierce, which was admitted, and the objection sustained. Appellant complains of the exclusion of this testimony in his third assignment of error and contends that "the rule that communications between attorney and client are privileged does not apply to conversations between a testator and his attorney relating to the disposition of property when the will is attacked on the ground of undue influence." We think this contention is sound and must be sustained. It is doubtless true that in some jurisdictions the rule of privilege with respect to communications between a testator and the attorney employed by him to prepare his will, applies in its full force, but the more generally accepted doctrine, as we gather from the authorities, is that the rule does not apply in the case of litigation between the heirs, legatees or devisees of a testator concerning the disposition of his property, the genuineness or validity of the will, and the like. It is said that in such case the attorney of the testator is fully competent to testify to the directions he received as to the disposition of the testator's property, facts throwing light on questions of mental capacity, undue influence, and circumstances attending the execution of the testamentary paper. 23 Am. & Eng. Enc. of Law (2d ed.), p. 76; Glover v. Patten, 165 U. S., 394; O'Brien v. Spalding (Ga.), 66 Am. St. Rep., 202; Russell v. Jackson, 9 Hare (English), 387, reprint vol. 68, 555; Blackburn v. Crawfords, 3 Wall., 175.

The case of Russell v. Jackson, *supra,* involved a contest between the heirs at law and a devisee. In delivering the opinion of the court in that case, Vice-Chancellor Turner says: "In the cases of testamentary dispositions, the very foundation on which the rule proceeds seems to be wanting; and in the absence, therefore, of any illegal purpose entertained by the testator, there does not appear to be any ground for applying it. . . . That the privilege does not in all

cases terminate with the death of the party, I entertain no doubt. That it belongs equally to parties claiming under the client as against parties claiming adversely to him, I entertain as little doubt; but it does not, I think, therefore follow that it belongs to the executor as against the next of kin, and in such a case as the present. In the one case the question is whether the property belongs to the client or his estate, and the rule may well apply for the protection of the client's interests. In the other case the question is to which of two parties claiming under the client the property in equity belongs, and it would seem to be a mere arbitrary rule to hold that it belongs to one of them, rather than to the other." This language is quoted with approval in the case of Glover v. Patten, *supra,* and the rule therein announced seems to be fully sustained by the weight of authority.

It follows that the trial court erred in excluding the testimony under consideration and that for such error the judgment must be reversed and the cause remanded for another trial. The fact that other declarations of the testator Pierce of somewhat similar import were admitted does not cure the error, and render it improbable that the appellant was not prejudiced thereby. The testimony was material upon the controlling issue in the case, and we would not be warranted in saying, in view of the other evidence in the case, that the verdict would have been the same had it been admitted, and, unless authorized to so say, it is our duty to reverse and remand the case. Besides, we do not concur in the view of appellees that the excluded testimony was merely cumulative of other testimony introduced on the subject.

The other assignments of error have either been disposed of by what has already been said or point out no reversible error.

The testimony of the several witnesses relating to certain declarations of Thomas Pierce, deceased, made before and after the date of the will sought to be probated, subjected to the limitations placed upon its consideration by the jury in the court's charge, was material and relevant. As limited by the charge, the admission of this testimony did not contravene the rule laid down in the cases of Wetz v. Schneider, 96 S. W., 59, and Simon v. Middleton, 51 Texas Civ. App., 531 (112 S. W., 441). The jury were distinctly instructed that none of said testimony could be considered by them in determining whether or not undue influence was exercised over Thomas Pierce by the parties charged therewith in the execution of the will, or as to whether or not the statements of the said Pierce as testified to by the witnesses were true or false.

For the error mentioned the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*