**SMITH et al. v. MANN.  (No. 7768.)**

Court of Civil Appeals of Texas. San Antonio.
May 11, 1927.

Rehearing Denied June 22, 1927.

1. Wills ⬯361—Minor child and legatee of testatrix not party to probate proceedings in county court nor to appeal was nevertheless entitled to contest will after appeal to district court.

Minor child and legatee of testatrix *held* entitled to appear in district court and contest will by next friend or guardian ad litem, though minor was not party in county court and did not join in appeal from county court order admitting will to probate.

2. Infants ⬯78(3)—Court not satisfied with minor's representation by relative as next friend in probate proceedings should appoint guardian ad litem.

Where minor is interested party entitled to contest will, court, if not satisfied with relative appearing for minor as next friend in probate proceedings, should appoint guardian ad litem.

3. Wills ⬯361—One interested in probating or contesting will has absolute right to enter case after appeal to district court, though not party to appeal (Rev. St. 1925, art. 3315).

Every one interested in probating or contesting will has absolute right to appear as party, and right to contest will in district court is not precluded by failure to appear as party in county court or to join in appeal, as Rev. St. 1925, art. 3315, gives person interested right to oppose proceedings not dependent on court's discretion.

**4. Wills ⬤═⇒155(1)—Undue influence must to certain extent directly and positively destroy testator's free agency and prevent exercise of his discretion.**

Undue influence refers to freedom of mind of maker of will and must to certain extent at least destroy free agency of testator and prevent exercise of discretion in connection with testamentary disposition, and such undue influence must be direct and positive.

**5. Wills ⬤═⇒158—Undue influence may be exercised through threats, fraud, or silent power of stronger over weaker mind.**

Undue influence may be exercised through threats, fraud, or silent power of stronger over weaker mind exercised at time of making will.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Proceedings by John P. Mann for the probate of the will of Ada B. Smith, deceased, contested by Karon Mac Smith by his next friend M. M. Smith. After an appeal from the order of the county court admitting the will to probate, Cole Fro Smith sought to be joined as contestant by M. M. Smith as next friend. From the order of the district court probating the will, after sustaining defendant's plea in abatement to the attempted joinder, contestants appeal. Judgment reversed and cause remanded.

R. R. Smith, of Jourdanton, for appellants.
Terrell, Davis, Huff & McMillan, of San Antonio, for appellee.

FLY, C. J. This appeal is prosecuted from an order of the district court probating the will of Ada B. Smith, deceased. The will was presented in the county court of Bexar county for probate by John P. Mann. Contest of the probate of the will was prosecuted by Karon Mac Smith, a minor child of the deceased, by next friend, M. M. Smith. The will was admitted to probate in the county court on December 22, 1924, and John P. Mann was appointed independent executor, as provided by the terms of the will. Contestant sought to set aside the order of probate, but the motion was overruled and an appeal was taken to the district court by Karon Mac Smith, through her next friend. The cause was set down for a hearing in the district court of the Forty-Fifth judicial district, on October 4, 1926, and on that date M. M. Smith, described as next friend not only of Karon Mac Smith but also of Cole Fro Smith, filed a first amended original answer. A plea in abatement was presented by appellee herein, to the joinder of Cole Fro Smith as a contestant in the case; the last named being a minor child and legatee of the testatrix. The plea in abatement was sustained, and the cause proceeded to trial with the parties the same as in the county court, and the will was again admitted to probate.

[1, 2] It is admitted by appellee that Cole Fro Smith, a minor child, was a proper party in a contest of the will of his deceased mother, but that he was not a necessary party, and that it was within the discretion of the district judge to deny the entrance of the minor into the suit. The application to be joined as a contestant in the case cannot be treated as an intervention proper in the suit, but must be treated as an attempt to have the rights of the minor adjudicated with those of his sister. No question of delaying the trial can be injected into the case to justify the refusal of the court to allow the minor to be joined, although no delay could possibly have arisen by such joinder. The rights of the two minors were the same. A blood relation of the infant boy sought to appear for him as his next friend and have him made a party to the suit, although she had never had any authority over the child, and showed no right to appear for the child, unless that right should be held to arise from her relationship to the child. Of course, if the minor was a necessary party the district court should have admitted him as a party, and, if not satisfied with the relative appearing for him as next friend, should have appointed a guardian ad litem to appear for him. However, her authority to appear as next friend was not questioned in the trial court.

The plea in abatement, upon which the court held Cole Fro Smith could not be made a party, is as follows:

"First. This contest arose in the probate court of Bexar county, Tex., upon an application to probate the will of Ada B. Smith, deceased, which was duly probated by the order of the county court of Bexar county, Tex., under date of December 22, 1924. That the contest therein filed by M. M. Smith was for and on behalf of Karon Mac Smith and not for and on behalf of the minor Cole Fro Smith, and the appeal therefrom was perfected only for and on behalf of Karon Mac Smith.

"Second. Contestant, by amended pleading filed on this the 4th day of October, A. D. 1926, after the case had been called for trial, now attempts to join with Karon Mac Smith as contestant her brother, Cole Fro Smith, and prosecutes the contest on behalf of said minors, as their guardian and next friend. Proponent now pleads, as aforesaid, for abatement of said contest in so far as it is attempted to be prosecuted on behalf of the minor, Cole Fro Smith; he not having been a party to the contest in the county court, and no appeal having been prosecuted on his behalf.

"Wherefore, proponent prays the court to enter an order abating said contest in so far as the minor Cole Fro Smith is concerned."

It will be noted that the only grounds given for abating the suit are that M. M. Smith did not appear as next friend for Cole Fro Smith in the county court and that she could not appear under amended pleadings for both the minors in the district court. The gist of the plea is that no new party can be made in the district court on appeal in a probate case

from the county court. It was error to so hold. As said by this court, through Associate Justice Smith, in the case of Pipkin v. Turner, 277 S. W. 221:

"Of course, the trial in the district court was de novo (article 4299, R. S. 1911), and, according to the authorities cited above, the jurisdiction thus acquired by that court was as broad and comprehensive as to the entire proceedings as that originally vested in the county court, and any person interested in the estate has the right to intervene in a probate proceeding after an appeal from the county to the district court; and, in the trial de novo in the district court, that tribunal may do all that the county court could have done in the matter."

In the case of Phelps v. Ashton, 30 Tex. 344, it was held:

"The court is not directed to grant letters to the person who may apply for the probate of the will. It will hardly be contended that Michael Ashton could not have become a party plaintiff or applicant in the county court at any time before the trial in that court. And, as the appeal operated to remove the whole case to the district court for trial de novo, every person interested in the estate had a right to be made a party to the proceedings and be heard, or it must be admitted that the case does not stand in the district court as it did in the county court to be tried de novo, that is, anew, and as in that court. It would only be revisory, and only as between those who might join formally in the appeal."

To the same effect are Vance v. Upson, 64 Tex. 268; Elwell v. Universalist General Convention, 76 Tex. 518, 13 S. W. 552; Drew v. Jarvis, 110 Tex. 136, 216 S. W. 618; and Ross' Estate v. Abrams (Tex. Civ. App.) 239 S. W. 705, affirmed by Supreme Court in 250 S. W. 1019.

[3] Every one interested in the probating or contesting of a will has the absolute right to enter the case as a·party primarily in the county court, but has the equal right in the district court whether he was a party to the appeal to that court or not. The statute grants the right to any person interested in an estate, at any time before any application, petition, exhibit, account, claim, or other proceeding is decided upon by the court, to file opposition thereto in writing, and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition as in other suits. Article 3236, Rev. St. 1911. As expressed by the Revised Statutes of 1925, article 3315:

"Any person interested in an estate may, at any time before any character of proceeding is decided upon by the court, file opposition thereto in writing, and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition as in other suits."

The statute gives a positive right, and it does not rest it in the discretion of the court as in other cases, but it must be granted by either county or district court if the privilege of filing opposition is sought at any time before the matter in dispute is decided by the court. If the relative was not authorized as next friend to appear, the court should have appointed some one to represent the minor and see that his rights were conserved and protected. His right to become a party to opposition to probate the will is not to be denied, because some one in opposition to the will may produce the evidence necessary to sustain the opposition. The minor has the statutory right to appear in the suit, of which he cannot be deprived on the ground of discretion, delay that might be caused, or on any other ground.

[4,5] It becomes unnecessary, if not improper, to discuss the evidence in the case on the subjects of incapacity on the part of Mrs. Smith to execute the will or of undue influence brought to bear upon her to induce the execution of the will. It will not be amiss to say that undue influence refers to the freedom of the mind of the maker of a will. Influence to be undue must, to a certain extent at least, destroy the free agency of the testator, and prevent the exercise of the discretion required by law in connection with the testamentary disposition of property. Such undue influence may be exercised through threats or fraud or the silent power of a strong mind over a weak one exercised at the time of making the will. It must be direct and positive. Wills executed through love, kindness, and gratitude are not caused by undue influence in the eyes of the law. An unjust will alone causes no ground of suspicion of unjust influence, when standing alone. However, every circumstance tending to show undue influence should be carefully weighed and given full consideration. Alexander on Wills, chap. XXII.

For the reason that the court erred in refusing to allow the minor, Cole Fro Smith, to become a party contestant of the will, the judgment will be reversed and the cause remanded.

COBBS, J. I hereby concur in the disposition made of this case as well as for the reasons given by the CHIEF JUSTICE of this court for the same. With the proper degree of modesty, I desire to supplement the same with some suggestions that occur as relevant if not important to the disposition of the case.

The application and the proceedings pertinent to the consideration of the probation of a will by the probate court make it a proceeding in rem, to which all the world are parties. Article 3333, R. S. 1925, provides that when the application to probate a will is filed with the clerk he shall issue a citation directed to "all persons interested in the estate to appear at the time named and contest said application should they desire to do so." And article 3334, R. S. 1925, provides the service shall be made by posting notices. Such being a proceeding in rem in the probate court it is

not a "suit at law." Pierce v. Farrar, 60 Tex. Civ. App. 12, 126 S. W. 932. No personal service is required in the probation of wills, except in cases where the will cannot be produced. Articles 3335, 3336, R. S. 1925. Neither the application nor citation is required to name the interested parties; but the will itself here sought to be probated showed that Cole Fro Smith was one of the interested parties in his mother's estate and already a party to the record, as she likewise undertook to appoint John P. Mann the guardian of his person and estate. He was not a stranger to the proceeding nor an interloper, he was properly before the court in his own proper person, and could not be deprived of his "day in court." He was entitled to be heard.

So I concur with the disposition made of this case and the reasons therefor.